| | |
|---|---|
| 1 | Alycia A. Degen (SBN: 211350) |
| | adegen@sidley.com |
| 2 | Sean A. Commons (SBN: 217603) |
| | scommons@sidley.com |
| 3 | SIDLEY AUSTIN LLP |
| | 555 West Fifth Street |
| 4 | Los Angeles, California  90013 |
| | Telephone: (213) 896-6000 |
| 5 | Facsimile: (213) 896-6600 |
| 6 | *Attorneys for Defendants Amgen Inc.,* |
| | *Onyx Pharmaceuticals, Inc., and* |
| 7 | *Onyx Therapeutics, Inc.* |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMGEN INC.; ONYX PHARMACEUTICALS, INC.; ONYX THERAPEUTICS, INC.; PATIENT ACCESS NETWORK FOUNDATION; and CHRONIC DISEASE FUND, D/B/A GOOD DAYS,<br><br>Defendants. | Case No. 2:23-cv-03130-MEMF-PD<br>Assigned to: Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE CORRECTED CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[*Declaration of Sean Commons and Proposed Order filed concurrently herewith*]<br><br>Date:     February 8, 2024<br>Time:    10:00 a.m.<br>Dept.:    8B<br><br>Complaint Filed:  April 25, 2023 |

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

| | |
|---|---|
| 1 | **NOTICE OF MOTION** |
| 2 | TO PLAINTIFF AND ITS ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on February 8, 2024 at 10:00 a.m., or as soon thereafter as |
| 4 | counsel may be heard, in Courtroom 8B of the United States Courthouse, located at 350 West First |
| 5 | Street, Los Angeles, CA 90012, Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and Onyx |
| 6 | Therapeutics, Inc. will and hereby do move pursuant to Federal Rules of Civil Procedure Rule |
| 7 | 12(b)(1) to dismiss Plaintiff's Corrected Class Action Complaint [Dkt. 14-1], including because |
| 8 | (1) Plaintiff has not adequately pled, and lacks competent proof of, standing via assignment, |
| 9 | (2) Plaintiff lacks standing to pursue federal RICO claims (18 U.S.C. § 1962(c)-(d)), which are not |
| 10 | assignable, and (3) Plaintiff lacks standing to assert state law claims. |
| 11 | This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which |
| 12 | took place on July 27, 2023. This Motion is based on this Notice of Motion and Motion, the attached |
| 13 | Memorandum of Points and Authorities, the Declaration of Sean A. Commons (including exhibits |
| 14 | thereto), all other papers and pleadings on file, and the argument of counsel at any hearing for this |
| 15 | Motion. Defendants also join in the consolidated motion to dismiss filed by Defendants Patient |
| 16 | Access Network Foundation and Chronic Disease Fund, D/B/A Good Days. |
| 17 | Dated: August 17, 2023      SIDLEY AUSTIN LLP |
| 18 | By: */s/ Sean A. Commons* |
| | Alicia A. Degen |
| 19 | Sean A. Commons |
| | 555 W. 5th Street |
| 20 | Los Angeles, California 90013 |
| | (213) 896-6000 |
| 21 | adegen@sidley.com |
| | scommons@sidley.com |
| 22 | |
| 23 | Christopher M. Assise (*pro hac vice* forthcoming) |
| | Sidley Austin LLP |
| 24 | One South Dearborn Street |
| | Chicago, Illinois 60603 |
| 25 | (312) 853-7141 |
| | cassise@sidley.com |
| 26 | |
| | *Attorneys for Defendants Amgen Inc.,* |
| 27 | *Onyx Pharmaceuticals, Inc., and* |
| | *Onyx Therapeutics, Inc.* |
| 28 | |

1

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

# TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................................................1

BACKGROUND ................................................................................................................1

    A.    Plaintiff's Claims Entirely Depend on Two Purported Assignments. ...........................1

    B.    Plaintiff and Its Affiliates' Business Model ..................................................................3

    C.    Plaintiff's Theory of the Case .........................................................................................5

STANDARD ........................................................................................................................6

ARGUMENT .......................................................................................................................7

    I.    Plaintiff Does Not Adequately Plead, And Lacks Competent Proof Of, Standing Via Assignment. .................................................................................7

    II.    Plaintiff Lacks Standing To Pursue RICO Claims, Which Are Not Assignable. ..........9

    III.    Plaintiff Lacks Standing to Assert State Law Claims. ..................................................10

CONCLUSION ...................................................................................................................10

i

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

# TABLE OF AUTHORITIES

                                                                                                           Page(s)

**Cases**

*Am. Diabetes Ass'n v. U.S. Dept. of the Army*,
   938 F.3d 1147 (9th Cir. 2019) ..................................................................................6

*Brown v. Bank of America, N.A.*,
   660 F. App'x. 506 (9th Cir. 2016) .............................................................................6

*Friends of the Earth v. Sanderson Farms, Inc.*,
   992 F.3d 939 (9th Cir. 2021) ....................................................................................6

*Gbarabe v. Chevron Corp.*,
   No. 14-cv-173, WL 4571536, at *5 (N.D. Cal. July 28, 2015) ................................7

*MAO-MSO Recovery II, LLC v. Am. Fam. Mut. Ins. Co.*,
   No. 17-cv-175, 2018 WL835160 (W.D. Wis. Feb. 12, 2018) ..................................3

*MAO-MSO Recovery II, LLC v. Mercury General*,
   No. 21-56395, 2023 WL 1793469 (9th Cir. Feb. 7, 2023) .............................7, 8, 10

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*,
   994 F.3d 869 (7th Cir. 2021) ................................................................................1, 3

*MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*,
   No. 20-cv-2102, 2021 WL 1164091 (S.D.N.Y. Mar. 26, 2021) ................................4

*MSP Recovery Claims, Series LLC v. Am. Fam. Mut. Ins. Co., S.I.*,
   No. 3:22-cv-550 (W.D. Wis.) ....................................................................................4

*MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*,
   No. 17-cv-23961, 2021 WL 1711684 (S.D. Fla. Apr. 15, 2021) ........................9, 10

*MSP Recovery Claims, Series LLC v. Auto Club Ins. Co. of Fla.*,
   No. 20-cv-24911, 2022 WL 18495979, at *4 (S.D. Fla. June 6, 2022) ..............8, 10

*MSP Recovery Claims, Series LLC v. Avanir Pharms., Inc.*,
   No. 22-01026-DOC, 2022 WL 17220647, at *9-10 (C.D. Cal. Oct. 20, 2022) ..8, 10

*MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*,
   No. 20-cv-4776, 2022 WL 118387 (S.D.N.Y. Jan. 11, 2022),
   *aff'd* 66 F.4th 77 (2d Cir. 2023) ................................................................................4

*MSP Recovery Claims, Series LLC v. IDS Prop. Cas. Ins. Co.*,
   No. 2022-035735-CC-25 (Miami-Dade C'nty Nov. 9, 2022) ................................5, 9

*MSP Recovery Claims, Series LLC v. IDS Prop. Cas. Ins. Co.*,
   No. 23-cv-20110 (S.D. Fla. Jan. 11, 2023) ...............................................................5

*MSP Recovery Claims Series LLC v. Merchants Mut. Ins. Co.*,
   No. 19-cv-524, 2020 WL 8675835 (W.D.N.Y. Nov. 20, 2020) ...............................8

ii

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

*MSP Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*,
  No. 6:19-cv-00211, 2019 WL 4222654 (N.D.N.Y. Sept. 5, 2019) ............................................ 4, 7

*MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*,
  965 F.3d 1210 (11th Cir. 2020) ............................................................................................... 7

*MSP Recovery Claims, Series LLC v. Tech. Ins. Co., Inc.*,
  No. 18 Civ. 8036, 2020 WL 91540 (S.D.N.Y. Jan. 8, 2020) ................................................ 7, 8

*MSP Recovery Claims, Series LLC v. USAA Gen. Indem. Co.*,
  No. 18-21626, 2018 WL 5112998 (S.D. Fla. Oct. 19, 2018) ................................................ 1, 4

*MSP Recovery Claims, Series LLC v. Zurich Am. Ins. Co.*,
  No. 18-c-7849, 2019 WL 6893007 (N.D. Ill. Dec. 18, 2019) .................................................. 8

*Norkunas v. Wynn Las Vegas, LLC*,
  343 F. App'x. 269 (9th Cir. 2009) ........................................................................................... 6

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ................................................................................................. 6

*Schell v. Volkswagen AG*,
  No. 20-17480, 2022 WL 187841 (9th Cir. Jan. 20, 2022) ....................................................... 6

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479 (1985) ................................................................................................................. 9

*Silvers v. Sony Pictures Entm't, Inc.*,
  402 F.3d 881 (9th Cir. 2005) (en banc) ............................................................................ 9, 10

*Simon v. Value Behavioral Health, Inc.*,
  208 F.3d 1073 (9th Cir. 2000), *abrogated on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) ................................................................................... 9, 10

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ................................................................................................................. 6

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ................................................................................................................. 1

*W.R. Huff Asset Mgmt Co., LLC v. Deloitte & Touche LLP*,
  549 F. 3d 100 (2d Cir. 2008) ................................................................................................... 7

**Statutes and Rules**

18 U.S.C. § 1952 .......................................................................................................................... 5

18 U.S.C. § 1962(c)-(d) ........................................................................................................... 5, 6

18 U.S.C. § 1964(c) ..................................................................................................................... 9

42 U.S.C. § 1320a-7b .................................................................................................................. 5

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1, 6, 10

iii

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

U.S. Const. Art. III ................................................................................................................6, 7

iv

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and Onyx Therapeutics, Inc. ("Defendants") move to dismiss the Corrected Class Action Complaint ("Complaint") [Dkt. 14-1] of Plaintiff MSP Recovery Claims, Series LLC ("Plaintiff") under Federal Rules of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)").

## INTRODUCTION

Plaintiff is part of a corporate family in the business of filing lawsuits. Plaintiff asks the Court to take on faith that it can sustain conclusory and threadbare allegations about standing based on purported assignments. The Court, however, has an independent duty to assure itself that Plaintiff has standing for each of its claims (*Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)), and under Rule 12(b)(1), Plaintiff must produce concrete evidence of standing before the Court and Defendants wade through a prolix complaint asserting claims under the laws of more than a dozen states. Numerous courts have dismissed claims by Plaintiff and its affiliates due to lack of standing in indistinguishable circumstances, and this Court should as well. Plaintiff should not be allowed to rely on conclusory allegations about standing in a lawsuit that bears "all the earmarks of abusive litigation." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 871 (7th Cir. 2021); *MSP Recovery Claims, Series LLC v. USAA Gen. Indem. Co.*, No. 18-21626, 2018 WL 5112998, at *13 (S.D. Fla. Oct. 19, 2018) (describing a history of Plaintiff and its affiliates "play[ing] fast and loose with facts, corporate entities, and adverse judicial rulings").

## BACKGROUND

**A.   Plaintiff's Claims Entirely Depend on Two Purported Assignments.**

Plaintiff or one of its affiliates acquires assignments from Medicare Advantage Organizations ("MAOs") and other entities, and attempts to identify third parties that may be potentially liable for payments made by the assignors.[1] For this case, the Complaint alleges that "Plaintiff holds assigned rights through assignments from numerous entities including MAOs, MCOs, full-risk organizations

---

[1] The Complaint refers to a non-exhaustive list of entities from which Plaintiff and its affiliates supposedly acquired assignments, grouped variously as "MA Plans," "Medicaid Plans," and "Medicare Providers." Compl. at p. 1, nn. 2, 4.

1

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

such as MSOs, IPAs, and other Medicare and Medicaid first-tier, downstream, and related entities," which Plaintiff collectively defines as "Assignors." Compl. ¶ 2, n. 4. The Complaint does not identify Plaintiff's purported "Assignors," and does not attach or recite the alleged terms of any assignments, save two: (1) EmblemHealth Services Company, LLC and its affiliate Health Insurance Plan of Greater New York (the "Emblem Assignment") (*id.* ¶¶ 58, 63, 65, Ex. V (ECF 1-22)); and (2) Fallon Community Health Plan, Inc. (the "Fallon Assignment") (*id.* ¶¶ 38, 58, 63, 65, Ex. C [ECF 1-3]).

***The Emblem Assignment (Exhibit V)***: Emblem is an MAO incorporated in New York that, in March 2018, granted an assignment to an entity named "Series 16-08-483" and "its affiliated entity MSP Recovery, LLC…." Compl. ¶ 58, Ex. V at p. 1. In April 2018, MSP Recovery, LLC re-assigned any interest it had in the Emblem Assignment to Series 16-08-483. *Id.*, Ex. V at pp. 9-10. The Complaint and exhibits do not allege or evidence a transfer of the Emblem Assignment from Series 16-08-483 to Plaintiff MSP Recovery Claims, Series LLC. The Emblem Assignment conveys only specified rights with respect to the "Assigned Medicare Recovery Claims." *Id.* ¶ 58, Ex. V at pp. 1-2. The "Assigned Medicare Recovery Claims" are limited to (1) reimbursements for "Medicare enrollees"; (2) services both "rendered and paid for by [Emblem] during the six (6) year period beginning September 29, 2011 and ending September 29, 2017"; and (3) excluding any claims that "have been assigned to and/or are being pursued by other recovery vendors, including, but not limited to, The Rawlings Group." *Id.*

***The Fallon Assignment (Exhibit C)***: Fallon is a health plan incorporated in Massachusetts that granted an assignment to "MSP Recovery, LLC and/or its assigns" on June 19, 2017. Compl. ¶¶ 38, 58, Ex. C at p. 1. On June 20, 2017, "MSP Recovery, LLC" purported to transfer all of its rights in the Fallon Assignment to "Series 17-04-631, LLC." *Id.*, Ex. C at p. 11. The Complaint and exhibits do not allege or evidence a transfer of the Fallon Assignment from Series 17-04-631, LLC to Plaintiff MSP Recovery Claims, Series LLC. The Fallon Assignment conveys only specified rights to two categories of claims: (1) "Medicare/Medicaid Claims," for Medicare and Medicaid reimbursements; and (2) "General Claims" for health care provided by Fallon's Medical Center and IPA operations. *Id.* ¶¶ 38, 58, Ex. C at p. 1. It "exclude[s] from the

1 … 'Assigned Claims'" Fallon's claims for the two-year period "most recent" to the assignment
2 (*i.e.*, June 19, 2015 through June 19, 2017). *Id.*, Ex. C at p. 2.
3       ***The "Representative Claims Data" (Exhibit W)***: Plaintiff has submitted supposedly
4 "representative claims data" received from "Assignors" for "claims on behalf of covered
5 patients …." Compl. ¶¶ 63, 65, Ex. W. Plaintiff does not allege the entries in Exhibit W relate to
6 the Emblem or Fallon Assignments, and Exhibit W does not reflect that an assignor paid or
7 reimbursed for Sensipar or Kyprolis. In addition, Exhibit W does not reflect whether entries relate
8 to the treatment of Medicare/Medicaid enrollees, the state where prescriptions were written or
9 filled, whether assignors incurred recoverable costs (and, if so, what costs), whether entries relate
10 to reimbursements assigned to someone other than Plaintiff, and, critically, whether entries relate
11 to patients who received copay assistance from any defendant in this case. Exhibit W also
12 contains numerous entries for the period of June 19, 2015 through June 19, 2017, which are
13 excluded from the Fallon Assignment. *Compare id.*, Ex. C. at p. 2 *with* Ex. W at pp. 48-85.

14       **B.**     **Plaintiff and Its Affiliates' Business Model**

15       This litigation is just one among literally hundreds of cases filed by Plaintiff and its
16 affiliates. They eschew pre-suit investigations. Rather, they have "sought to use the litigation
17 process itself (in particular, discovery) as their pathway to identifying any value in the assigned
18 receivables and then pursuing any available collections" (*State Farm*, 994 F.3d at 873), cobbled
19 together with information drawn from public sources, such as information about settlements with
20 the government. As a core part of their business model, they "pull the litigation trigger before
21 doing their homework" and then "rely on the discovery process to show [whether] they acquired
22 something of value" from their assignors. *Id.* at 878. In short, they "identify baskets of ***possible***
23 ***receivables*** arising from payments … made for healthcare" and without going further bring suit.
24 *Id.* at 873 (emphasis added).

25       With the benefit of experience, courts have come to realize that Plaintiff and its affiliates
26 draft complaints that "read as if plaintiffs began with a conclusion that defendants owed them
27 money and simply worked backwards to construct a legal theory that would support the
28 conclusion." *See, e.g., MAO-MSO Recovery II, LLC v. Am. Fam. Mut. Ins. Co.*, No. 17-cv-175,

2018 WL835160, at *6 (W.D. Wis. Feb. 12, 2018). In particular, courts have discovered that the exhibits and "data compilation[s]" Plaintiff and its affiliates submit as supposed proof of standing suffer from troubling "discrepancies." *See, e.g.*, *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, No. 20-cv-4776, 2022 WL 118387, at *7 (S.D.N.Y. Jan. 11, 2022) (collecting such "discrepancies"), *aff'd* 66 F.4th 77 (2d Cir. 2023); *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, No. 20-cv-2102, 2021 WL 1164091, at *6 (S.D.N.Y. Mar. 26, 2021) (finding Plaintiff's process "riddled with basic errors" giving rise to "reason to distrust Plaintiff's data compilation and analytical processes").

The number of "[i]nconsistencies" between Plaintiff's allegations and the actual facts about purported assignments has led courts to describe these cases as "a flagrant abuse of the legal system." *MSP Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*, No. 6:19-cv-00211, 2019 WL 4222654, at *4-6 (N.D.N.Y. Sept. 5, 2019); *accord USAA Gen. Indem. Co.*, 2018 WL 5112998, at *13 ("[I]t is evident Plaintiff has played fast and loose with facts, corporate entities, and adverse judicial rulings."). Time and again, Plaintiff and its affiliates have attempted to persuade courts to accept conclusory allegations and opaque exhibits about purported assignments that unravel once subjected to scrutiny. For example:

- In connection with pleadings motions, they assured a court unequivocally that an exhibit of "representative beneficiary claims" was "not the same" as representative claims asserted in a previously dismissed action, representing (among other things) that they "had only recently obtained" the data for those representative claims. *See* Declaration of Sean A Commons ("Commons Decl."), Ex. A (*MSP Recovery Claims, Series LLC v. Am. Fam. Mut. Ins. Co., S.I.*, No. 3:22-cv-550 (W.D. Wis.) at Dkt. 21 pp. 4, 5, 7 (Dec. 21, 2022)). They did not withdraw the false representations until after being confronted with an exhibit filed years earlier in a dismissed action that contained the exact same claims. *Id.*, Ex. B (Dkt. 30 p. 2 (Jan. 16, 2023) ("seek[ing] to withdraw any statements, and arguments predicated thereon, that the claims and assignment at issue in this lawsuit were not available to it in the Prior Actions" or that "the currently pending claims are different from those in the Prior Actions")).

4

- Plaintiff and its affiliates have assured courts that their supposed assignors have made unreimbursed healthcare payments that could support an injury-in-fact to pursue litigation, only for fact discovery to reveal both (a) the supposed rights relied upon had been assigned to another entity, not Plaintiff or its affiliates and (b) the assignor had ***not*** made healthcare payments. *Compare* Commons Decl., Ex. C (*MSP Recovery Claims, Series LLC v. IDS Prop. Cas. Ins. Co.*, No. 2022-035735-CC-25 (Miami-Dade C'nty), Dkt. 1-2 at ¶ 17 (Jan. 11, 2023)) *with* Ex. D (*MSP Recovery Claims, Series LLC v. IDS Prop. Cas. Ins. Co.*, No. 23-cv-20110 (S.D. Fla.), Dkt. 34-1 p. 1 (Jan. 11, 2023)).

### C.     Plaintiff's Theory of the Case

The Complaint alleges that, from at least October 2011 to the present, Defendants conspired with two patient assistance organizations to subsidize patient co-pays for two prescription medications, Sensipar and Kyprolis. *See, e.g.*, Compl. ¶¶ 7, 8, 10, 12, 15, 288. Plaintiff does not dispute that the medications have been safe and effective. Plaintiff also does not allege that any defendant provided false information or kickbacks to physicians who made the prescription decisions.

Rather, Plaintiff alleges that, by helping patients afford co-pays for these medications, Defendants violated the federal Anti-Kickback Statute ("AKS") (42 U.S.C. § 1320a-7b) and statutory regimes in Connecticut, Florida, Massachusetts, South Carolina, and Virginia that Plaintiff describes as prohibiting bribes and kickbacks. Compl. ¶¶ 24-25. Plaintiff further appears to contend these alleged AKS and state law violations in turn violate the Travel Act (18 U.S.C. § 1952), which Plaintiff relies on as a predicate for its federal RICO claims (18 U.S.C. § 1962(c)-(d)), along with purported mail and wire fraud. *Id.* ¶¶ 36-37.

According to Plaintiff, unnamed "Assignors" were injured by the two patient assistance programs for these medications on the theory that helping patients with co-pays can result in supra-competitive prices or greater utilization of the medications. *See, e.g.*, Compl. ¶¶ 4, 260. Plaintiff also alleges that healthcare claims were "render[ed] … unpayable by federal healthcare programs" due to the alleged AKS violations. *See, e.g., id.* ¶¶ 24, 256, 258. Plaintiff admits that its claims are based on matters of public knowledge, such as a 2019 Department of Justice

settlement. *See, e.g., id.* ¶¶ 188-191, 203-205, 234, 239, 242, Exs. A, B, T.  Plaintiff, however, does not allege facts showing that any federal healthcare programs, or any of the "Assignors," *ever* treated a Sensipar and Kyprolis prescription as "unpayable" during the relevant period.  In addition, as noted above, Plaintiff does not identify even one instance during the relevant period where an Assignor reimbursed for a Sensipar and Kyprolis prescription for which a patient received co-pay assistance due to the alleged kickback conspiracy.

Plaintiff asserts two federal RICO counts (Counts I-II), unfair and deceptive trade practices claims under the laws of eight states (Count III), unjust enrichment claims under the laws of fourteen states (Count IV), and a claim under Florida's Civil Remedies for Criminal Practices Act (Count V).

## **STANDARD**

Federal courts can entertain only "actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016).  "Because Article III standing is a true jurisdictional question, rather than a question about the sufficiency of the claim, it is properly addressed in a Rule 12(b)(1) motion." *Norkunas v. Wynn Las Vegas, LLC*, 343 F. App'x. 269, 270 (9th Cir. 2009).  Where, as here, Defendants bring both a facial and factual attack under Rule 12(b)(1), the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" (*Am. Diabetes Ass'n v. U.S. Dept. of the Army*, 938 F.3d 1147, 1151 (9th Cir. 2019) (internal quotes omitted)) and "need not presume the truthfulness of the plaintiff's allegations" (*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).  Plaintiff always bears the burden to establish subject matter jurisdiction and, when confronted with a factual challenge, must furnish "competent proof" in the form of affidavits or other evidence.  *See, e.g., Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (internal quotations omitted); *Schell v. Volkswagen AG*, No. 20-17480, 2022 WL 187841, at *1-2 (9th Cir. Jan. 20, 2022) (affirming Rule 12(b)(1) dismissal where plaintiff failed to submit competent evidence that defendant's conduct resulted in a price premium); *Brown v. Bank of America, N.A.*, 660 F. App'x. 506, 508-509 (9th Cir. 2016) (affirming Rule 12(b)(1) dismissal where plaintiff failed to submit sufficient evidence of a valid and enforceable assignment to pursue claims).

# ARGUMENT

## I. PLAINTIFF DOES NOT ADEQUATELY PLEAD, AND LACKS COMPETENT PROOF OF, STANDING VIA ASSIGNMENT.

Plaintiff's standing depends entirely on two assignments, but its allegations are deficient, and the available evidence confirms that Plaintiff has not done nearly enough to invoke this Court's jurisdiction.

***First***, Plaintiff does not allege or prove that it owns the Emblem and Fallon Assignments. On their face, the Emblem Assignment is owned by "Series 16-08-483" (Compl., Ex. V at pp. 9-10), and the Fallon Assignment is owned by "Series 17-04-631" (*id.*, Ex. C. at p. 11), neither of which is a party to this case. The Complaint also does not allege that, at the time of filing, these entities transferred these assignments to Plaintiff. Plaintiff thus lacks Article III standing. *See, e.g.*, *MAO-MSO Recovery II, LLC v. Mercury General*, No. 21-56395, 2023 WL 1793469, at *1 (9th Cir. Feb. 7, 2023) (affirming dismissal for lack of standing where assignment was not held in the name of the plaintiff).[2] Plaintiff may suggest its operating agreement authorizes it to sue on behalf of other series, but there is no such evidence before the Court and, in all events, an assignment is necessary to sue in one's own name. *See W.R. Huff Asset Mgmt Co., LLC v. Deloitte & Touche LLP*, 549 F. 3d 100, 109 (2d Cir. 2008); *Gbarabe v. Chevron Corp.*, No. 14-cv-173, 2015 WL 4571536, at *2 (N.D. Cal. July 28, 2015) (explaining the rules "require that an action be prosecuted in the name of the real party in interest").

***Second***, Plaintiff has not satisfied its burden to establish that it holds claims within the scope of the only identified assignments. As other courts have found, the Emblem "[A]ssignment does not assign all of their 'Medicare [r]ecovery [c]laims' to Plaintiff[.]" *MSP Recovery Claims, Series LLC v. Tech. Ins. Co., Inc.*, No. 18 Civ. 8036, 2020 WL 91540, at *3 (S.D.N.Y. Jan. 8, 2020) ("*Tech Ins.*," describing the Emblem Assignment as the "HIP" assignment). It conveys

---

[2] *See also, e.g.*, *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1220-21 (11th Cir. 2020) (rejecting argument that series affiliates can sue on behalf of each other without regard to the underlying assignment); *MSP Recovery Claims Series LLC v. N.Y. Cen. Mut. Fire. Ins. Co.*, No. 6:19-cv-211, 2019 WL 4222654, at *6 (N.D.N.Y. Sept. 5, 2019) (dismissing for lack of standing and rejecting argument that one series can sue based on an assignment granted to another series as an "abuse of corporate form").

"rights only to claims that (1) were 'rendered and paid for by [Emblem] during the six . . . year period beginning September 29, 2011 and ending September 29, 2017', and (2) were not 'assigned to and/or are being pursued by other recovery vendors.'" *Id.*; *see also* Compl., Ex. V at pp. 1-2. Similarly, the Fallon Assignment transfers only "Assigned Claims," subject to a carve-out "[f]or the most recent two-year period" (Compl., Ex. C), and, of necessity, cannot include claims already assigned.

Plaintiff makes no attempt to demonstrate that there is a service that falls within the scope of the assignments, that Emblem or Fallon paid for that service, ***and*** that no other vendor has been assigned the claim. *See, e.g.*, *Tech Ins.*, 2020 WL 91540, at *3 (citing similar defects to dismiss for lack of standing); *MSP Recovery Claims Series LLC v. Merchants Mut. Ins. Co.*, No. 19-cv-524, 2020 WL 8675835, at *5 (W.D.N.Y. Nov. 20, 2020) (dismissing for lack of standing). Indeed, courts regularly have dismissed Plaintiff's complaints where a proffered assignment agreement acknowledges that some claims have been referred to entities other than Plaintiff or its affiliates, including specifically as to the Emblem Assignment. *See, e.g.*, *Mercury General*, 2023 WL 1793469, at *2 (affirming dismissal for lack of standing in light of evidence that rights may already have been assigned); *MSP Recovery Claims, Series LLC v. Zurich Am. Ins. Co.*, No. 18-c-7849, 2019 WL 6893007, at *2 (N.D. Ill. Dec. 18, 2019) (finding Plaintiff lacked standing because "letters from the Rawlings Group indicat[e] that it has received assignments from [Emblem]").

***Third***, Plaintiff fails to establish injury-in-fact via an assignment because the Complaint and exhibits do not demonstrate that any alleged reimbursement by Emblem or Fallon involved a patient who received co-pay assistance under the challenged patient support programs. The Ninth Circuit has held that this same Plaintiff could not establish standing with blanket allegations about as-yet-unidentified exemplar claims from assignors. *Mercury General*, 2023 WL 1793469, at *2. It follows that th[e] Complaint is doubly-deficient because Plaintiff relies on blanket allegations about "Assignors," yet fails to plead facts connecting alleged payments by Assignors to ***any*** alleged misconduct. *See, e.g.*, *MSP Recovery Claims, Series LLC v. Avanir Pharms., Inc.*, No. 22-01026-DOC, 2022 WL 17220647, at *9-10 (C.D. Cal. Oct. 20, 2022); *MSP Recovery Claims, Series LLC v. Auto Club Ins. Co. of Fla.*, No. 20-cv-24911, 2022 WL 18495979, at *4 (S.D. Fla.

8

Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., And Onyx Therapeutics, Inc.'s
Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)

June 6, 2022); *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 17-cv-23961, 2021 WL 1711684, at *6 (S.D. Fla. Apr. 15, 2021).

For each of these reasons, the Court should dismiss the Complaint due to lack of standing.

### II.   PLAINTIFF LACKS STANDING TO PURSUE RICO CLAIMS, WHICH ARE NOT ASSIGNABLE.

The Court should dismiss the RICO claim without leave to amend due to lack of standing because RICO claims are not assignable under the test adopted by the Ninth Circuit in *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005) (en banc). Under *Silvers*, "Congress' explicit listing of who *may* sue" in a statute's text "should be understood as an *exclusion of others* from suing." *Id.* at 885. Especially when a claim is a "creature of statute," the Ninth Circuit has made clear that it "will not lightly insert common law principles [of assignability] that Congress has left out." *Id.* Even when the Ninth Circuit has recognized an implied right of assignment, it has refused to extend the "exception" if doing so would "transform[] health benefit claims into a freely tradable commodity," "could lead to endless reassignment," and "would allow third parties with no relationship to the beneficiary to acquire claims solely for the purpose of litigating them." *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1081 (9th Cir. 2000), *abrogated on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007).

Here, RICO's private-right-of-action provision permits a limited group of people to seek relief: those who have been "injured in [their] business or property by reason of a [statutory] violation." 18 U.S.C. § 1964(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Congress made no mention in RICO's text of assignability. Moreover, RICO's legislative history evinces an intent to provide a "remedy" to "[t]hose who have been wronged by organized crime" (*Sedima, S.P.R.L.*, 473 U.S. at 487), not to foster the buying and selling of treble-damage claims. Plaintiff admittedly has no relationship to its assignors, except a desire to pursue litigation as a business model. Plaintiff also treats RICO claims as subject to endless reassignment amongst its affiliates. Plaintiff represents the paradigmatic reason why the Ninth Circuit declines to permit assignment of federal claims absent clear guidance from Congress, which does not exist here.

Plaintiff has argued in prior litigation that the Ninth Circuit has not specifically ruled on the assignability of RICO claims. *Silvers'* holding and reasoning rest on "traditional principles of

9

statutory interpretation," which have general applicability (402 F.3d at 885), and find support in the reasoning of *Simon* (208 F.3d at 1081). While Plaintiff may argue this Court should follow decisions by other district courts and circuits permitting assignment of RICO claims, most predate *Silvers* or rely on decisions that predate *Silvers*. In any event, *Silvers* rejects the policy-based arguments underlying such holdings in favor of an approach grounded in statutory text.

### III. PLAINTIFF LACKS STANDING TO ASSERT STATE LAW CLAIMS.

Plaintiff asserts unjust enrichment claims under the laws of fourteen states (Compl. ¶ 432), state consumer protection claims under the laws of six states (*id.* ¶¶ 374, 383, 393, 404, 413, 420), and relies on the laws of five states as predicates for its RICO claims or for a state RICO equivalent (*id.* ¶¶ 37, 59, 333, 443), but does not allege any activities in any state. Lacking any such allegations, the Court should dismiss all counts or claims based on state law.

Under Ninth Circuit precedent and decisions across the country, Plaintiff's standing to assert state law claims is limited to identified assignors (*Mercury General*, 2023 WL 1793469, at *2), and Exhibits C and V to the Complaint merely state that Emblem and Fallon are incorporated in New York and Massachusetts, respectively, not where either has covered patients' prescription medications as a result of the alleged fraud. Because "[s]tanding 'is not dispensed in gross,'" apart from every other defect in the Complaint, Plaintiff must allege and offer evidence indicating (1) in which of the fourteen potential states at issue Emblem and Fallon provide healthcare coverage, (2) that Emblem and Fallon reimbursed one or more patients in each of those states during a period covered by those assignments; and (3) that the reimbursement was for a patient who received assistance from one of the defendants for Sensipar or Kyprolis. *See Mercury General*, 2023 WL 1793469, at *2 (affirming dismissal relating to purported assignments not supported by specific facts or evidence); *Avanir Pharms., Inc.*, 2022 WL 17220647, at *9-10 (holding alleged standing cannot extend beyond identified assignors); *Auto Club Ins. Co. of Fla.*, 2022 WL 18495979, at *4 (same); *Amerisure Ins. Co.*, 2021 WL 1711684, at *6 (same).

### CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in whole or in part pursuant to Federal Rules of Civil Procedure Rule 12(b)(1).

10

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 17, 2023 | SIDLEY AUSTIN LLP |
| 3 | | By: */s/ Sean A. Commons* |
| 4 | | Alicia A. Degen<br>Sean A. Commons |
| 5 | | 555 W. 5th Street<br>Los Angeles, California 90013 |
| 6 | | (213) 896-6000<br>adegen@sidley.com |
| 7 | | scommons@sidley.com |
| 8 | | Christopher M. Assise (*pro hac vice* forthcoming) |
| 9 | | Sidley Austin LLP<br>One South Dearborn Street |
| 10 | | Chicago, Illinois 60603<br>(312) 853-7141 |
| 11 | | cassise@sidley.com |
| 12 | | *Attorneys for Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and* |
| 13 | | *Onyx Therapeutics, Inc.* |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

11

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)