Alycia A. Degen (SBN: 211350)
adegen@sidley.com
Sean A. Commons (SBN: 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendants Amgen Inc.,
Onyx Pharmaceuticals, Inc., and
Onyx Therapeutics, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMGEN INC.; ONYX PHARMACEUTICALS, INC.; ONYX THERAPEUTICS, INC.; PATIENT ACCESS NETWORK FOUNDATION; and CHRONIC DISEASE FUND, D/B/A GOOD DAYS,<br><br>Defendants. | Case No. 2:23-Cv-03130-MEMF-PD<br><br>Assigned To: Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE CORRECTED CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 9(b) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[*Motion to Dismiss under Fed. R. Civ. P. 12(b) and Proposed Order filed concurrently herewith*]<br><br>Date:      February 8, 2024<br>Time:      10:00 a.m.<br>Dept.:     8B<br><br>Complaint Filed:  April 25, 2023 |

## NOTICE OF MOTION

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 8, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8B of the United States Courthouse, located at 350 West First Street, Los Angeles, CA 90012, Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and Onyx Therapeutics, Inc. will and hereby do move pursuant to Federal Rules of Civil Procedure Rule 9(b) and Rule 12(b)(6) to dismiss Plaintiff's Corrected Class Action Complaint (the "Complaint") [Dkt. 14-1].  In addition to Plaintiff's lack of standing as explained in Defendants' accompanying motion to dismiss under Rule 12(b)(1), (1) Plaintiff fails to state a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act and the analogous Florida state RICO statute for multiple independent reasons, including (a) Plaintiff fails to allege that its assignors were direct purchasers of Defendants' drugs and otherwise fails to plead injury; (b) Plaintiff fails to adequately allege proximate causation; (c) Plaintiff fails to adequately allege an association-in-fact enterprise among Defendants and the Charities; (d) Plaintiff fails to adequately plead predicate acts, and, thus, fails to plead a pattern of racketeering; (e) Plaintiff's RICO conspiracy claim fails for the same reasons as its RICO claim; and (f) Plaintiff cannot seek injunctive relief under RICO; and (2) Plaintiff's state-law consumer fraud and unjust enrichment claims all (a) fail for the same reasons as their RICO claims, (b) are not plead with particularity, are barred by the applicable statute of limitations, and (c) otherwise fail on multiple, independent state-law grounds.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 27, 2023.  The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all other papers and pleadings on file, and the argument of counsel at any hearing for this Motion.

Defendants have filed a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)") due to lack of standing.  Because the Rule 12(b)(1) motion concerns the Court's jurisdiction, and avoids the potential need to resolve questions of state law, Defendants respectfully submit that it should be resolved before this Motion.  Defendants also join in the

1

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 9(b) AND 12(b)(6)

consolidated motion to dismiss filed by Defendants Patient Access Network Foundation and Chronic Disease Fund, D/B/A Good Days.

Dated: August 17, 2023

SIDLEY AUSTIN LLP

By: */s/ Sean A. Commons*
Alycia A. Degen
Sean A. Commons
555 W. 5th Street
Los Angeles, California 90013
(213) 896-6000
adegen@sidley.com
scommons@sidley.com

Christopher M. Assise (*pro hac vice* forthcoming)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7141
cassise@sidley.com

*Attorneys for Defendants Amgen Inc.,*
*Onyx Pharmaceuticals, Inc., and*
*Onyx Therapeutics, Inc.*

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................1

STANDARD ........................................................................................................2

ARGUMENT .......................................................................................................2

I.     The Court Should Dismiss Plaintiff's Rico Claims. ...................................2

     A.    Plaintiff Cannot Pursue RICO Claims On Behalf Of Indirect Purchasers....................3

     B.    Plaintiff's Purported Assignors Lack A RICO Injury.................................4

     C.    Plaintiff Fails To Plead Proximate Causation. ........................................5

     D.    Plaintiff Fails To Adequately Plead An "Enterprise".................................7

     E.    Plaintiff Fails To Adequately Plead Predicate Acts And, Thus, A Pattern Of Racketeering. ................................8

     F.    Plaintiff Cannot Pursue A RICO Conspiracy Claim.................................9

     G.    Plaintiff Cannot Seek Injunctive Relief Under RICO.................................10

II.    Plaintiff's State Consumer Protection Claims (Count III) All Fail.................................10

     A.    Plaintiff Fails To Plead False Statements With Particularity.................................10

     B.    Plaintiff Fails To Plead Injury In Fact. ........................................11

     C.    Plaintiff Fails to Allege Proximate Causation. ........................................11

     D.    Plaintiff Fails To Plead Intrastate Conduct.................................12

     E.    Plaintiff and Its Assignors Are Not "Consumers" and Cannot Satisfy Other Applicable Statutory Requirements. ........................................13

     F.    Plaintiff's Connecticut, Florida, and New York Consumer Protection Claims Are Untimely. ........................................14

III.   Plaintiff Fails To State An Unjust Enrichment Claim (Count IV)..........................15

IV.   Plaintiff's Claim Under Florida's Civil Penalties For Criminal Practices Act (Count V) Fails For The Same Reasons As The Federal RICO Claims.................................17

CONCLUSION....................................................................................................18

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Absolute Activist Value Master Fund Ltd. v. Devine*,
  No. 2:15-cv-328, 2015 WL 12838168 (M.D. Fla. July 1, 2015)................................17

*In re Actimmune*,
  No. C-08-02376, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) ...........................15

*Alexander Hamilton Life Ins. Co. of Am. v. James River Corp. of Va.*,
  No. 3:96-cv-1100, 1997 WL 13053, at *7 (D. Conn. Jan. 14, 1997) ...........................12

*Allergan, Inc. v. Athena Cosmetics, Inc.*,
  738 F.3d 1350 (Fed. Cir. 2013)................................12

*Amalg. Titanium Int'l Corp. v. Mennie Mach. Co.*,
  581 F. Supp. 3d 289 (D. Mass. 2022) ................................12, 13

*In re Arris Cable Modem Consumer Litig.*,
  2018 WL 288085 (N.D. Cal. Jan. 4, 2018) ................................15

*Arthur v. JP Morgan Chase Bank, NA*,
  569 F. App'x 669 (11th Cir. 2014) ................................18

*Aschroft v. Iqbal*,
  556 U.S. 662 (2009)................................2, 8

*In re Auto. Parts Antitrust Litig.*,
  No. 12-md-02311, 2013 WL 2456612 (E.D. Mich. June 6, 2013) ...........................13

*Aviles v. Wayside Auto Body, Inc.*,
  49 F. Supp. 3d 216 (D. Conn. 2014)................................11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................2

*Boyle v. United States*,
  556 U.S. 938 (2009)................................7

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ................................2

*Cain v. Midland Funding, LLC*,
  256 A.3d 765 (Md. 2021) ................................17

*Canyon Cty. v. Syngenta Seeds, Inc.*,
  519 F.3d 969 (9th Cir. 2008) ................................4

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ................................12

ii

*In re Cathode Ray Tube Antitrust Litig.,*
    MDL No. 1917, 2022 WL 1616197 (N.D. Cal. Jan. 31, 2022) ....................................17

*CEMEX Constr. Materials Fla. v. Armstrong World Indus., Inc.,*
    No. 3:16-cv-186, 2018 WL 905752 (M.D. Fla. Feb. 15, 2018).................................14

*Chen v. Dunkin' Brands, Inc.,*
    954 F.3d 492, 500 (2d Cir. 2020)...............................................................................10

*Conn. Fair Hous. Ctr. v. Corelogic Rental Prop. Sol., LLC,*
    369 F. Supp. 3d 362 (D. Conn. 2019).........................................................................11

*Corcoran v. CVS Health Corp.,*
    169 F. Supp. 3d 970 (N.D. Cal. 2016)........................................................................12

*Corsello v. Verizon N.Y., Inc.,*
    18 N.Y.3d 777 (2012)..................................................................................................15

*Daniel v. Mondelez Int'l, Inc.,*
    287 F. Supp. 3d 177 (E.D.N.Y. 2018) ........................................................................11

*Diaz v. Gates,*
    420 F.3d 897 (9th Cir. 2005) (en banc) ........................................................................4

*Doan v. Singh,*
    617 F. App'x 684 (9th Cir. 2015).................................................................................7

*E. Savings Bank, FSB v. Papageorge,*
    31 F. Supp. 3d 1 (D.D.C. 2014)....................................................................................9

*Earle v. Clayton,*
    No. 19-1419, 2020 WL 95812 (D.D.C. Jan. 8, 2020)...................................................9

*Edwards v. McMillen Cap., LLC,*
    574 F. Supp. 3d 52 (D. Conn. 2021)...........................................................................15

*In re EpiPen Direct Purchaser Litig.,*
    No. 20-cv-0827, 2022 WL 1017770 (D. Minn. Apr. 5, 2022).......................................9

*ExxonMobil Inter-America v. Advanced Info. Eng'g Servs.,*
    328 F. Supp. 2d 443 (S.D.N.Y. 2004).........................................................................13

*Fishman Transducers, Inc. v. Paul,*
    684 F.3d 187 (1st Cir. 2012).......................................................................................13

*Five for Entm't v. Rodriguez,*
    877 F. Supp. 2d 1321 (S.D. Fla. 2012) .......................................................................12

*Flatirons Bank v. Alan W. Steinberg Ltd. P'ship,*
    233 So. 3d 1207 (Fla. Dist. Ct. App. 2017)................................................................17

*Goshen v. Mut. Life Ins. Co. of N.Y.,*
    774 N.E.2d 1190 (N.Y. 2002).................................................................................12, 13

iii

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wash. 2d 778, 787-93 (1986) ....................................................................................11

*Hess v. Wells Fargo Bank, N.A.*,
    No. C-12-5799, 2013 WL 791494 (N.D. Cal. Mar. 4, 2013) ...........................................14

*Holmes v. Sec. Inv. Prot. Corp.*,
    503 U.S. 258 (1992).................................................................................................3, 5, 6

*HSBC Bank (Uruguay) S.A. v. Seaboard Corp.*,
    No. 21-cv-2435, 2022 WL 4447416 (D. Kan. Sept. 23, 2022)........................................17

*Humana v. Ameritox*,
    267 F. Supp. 3d 669 (M.D.N.C. 2017) ............................................................................17

*Humana, Inc. v. Biogen, Inc.*,
    No. 21-11578, 2023 WL 2743307 (D. Mass. Mar. 31, 2023) ...........................................3

*Humana, Inc. v. Indivior, Inc.*,
    Nos. 21-2573, 21-2574, 2022 WL 17718342 (3d Cir. Dec. 15, 2022)................................4

*Hunt v. Zuffa, LLC*,
    No. 19-17529, 2021 WL 4355728 (9th Cir. Sept. 24, 2021)..............................................7

*Hylete, Inc. v. Hybrid Athletics, LLC*,
    No. 3:19-cv-02494, 2020 WL 2571196 (S.D. Cal. May 21, 2020) ..................................15

*Ill. Brick Co. v. Illinois*,
    431 U.S. 720 (1977)..........................................................................................................3

*In Ironworkers Local Union 68 v. AstraZeneca Pharms., LP*,
    634 F.3d 1352, 1360 (11th Cir. 2011) ..............................................................................5

*Ingrami v. Rovner*,
    45 A.D.3d 806 (N.Y. Sup. Ct. App. 2007) ......................................................................17

*In re Insulin Pricing Litig.*,
    No. 3:17-cv-699, 2020 WL 831552 (D.N.J. Feb. 20, 2020).............................................14

*In re Intel Corp. Microprocessor Antitrust Litig.*,
    496 F. Supp. 2d 404 (D. Del. 2007).................................................................................16

*Jackson v. BellSouth Telecomms.*,
    372 F.3d 1250, 1263-64 (11th Cir. 2004) ........................................................................17

*Johnson v. Microsoft Corp.*,
    834 N.E.2d 791 (Ohio 2005) ...........................................................................................14

*Kava Culture Franchise Group Corp. v. Dar-Jkta Enters. LLC*,
    No. 2:23-cv-278, 2023 WL 3121893 (M.D. Fla. Apr. 27, 2023) ....................................12

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .........................................................................................10

iv

*Kopel v. Kopel,*
  229 So. 3d 812 (Fla. 2017)..................................................................................16

*Lombardo v. Johnson & Johnson Consumer Cos.,*
  124 F. Supp. 3d 1283 (S.D. Fla. 2015) ..............................................................11

*Malden Trans., Inc. v. Uber Techs., Inc.,*
  386 F. Supp. 3d 96 (D. Mass. 2019) ..................................................................11

*MAO-MSO Recovery II, LLC v. Mercury General,*
  No. 21-56395, 2023 WL 1793469 (9th Cir. Feb. 7, 2023) .............................6, 12

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.,*
  994 F.3d 869 (7th Cir. 2021) ...............................................................................1

*Mendoza v. Zirkle Fruit Co.,*
  301 F.3d 1163 (9th Cir. 2002) ..............................................................................4

*Mich. Mut. Ins. v. Smoot,*
  183 F. Supp. 2d 806 (E.D. Va. 2001) .................................................................17

*Morgan v. Apple Inc.,*
  No. 17-cv-05277, 2018 WL 2234537 (N.D. Cal. May 16, 2018).........................10

*MSP Recovery Claims, Series LLC v. Abbott Lab'ys,*
  No. 19-21607, 2021 WL 2177548 (D.N.J. May 28, 2021)...................................4

*MSP Recovery Claims, Series LLC v. Actelion Pharms. US, Inc.,*
  No. 22-cv-07604 (N.D. Cal.) ................................................................................1

*MSP Recovery Claims, Series LLC v. Avanir Pharms.,*
  CV 22-01026, 2022 WL 17220647 (C.D. Cal. Oct. 20, 2022)....................8, 9, 16

*MSP Recovery Claims, Series LLC v. Caring Voice Coal., Inc.* ("*CVC*"),
  No. 21-21317, 2022 WL 3155035 (S.D. Fla. July 21, 2022), *R&R adopted*, 2022
  WL 4448256, at *1 (S.D. Fla. Sept. 23, 2022) ..................................... *passim*

*MSP Recovery Claims, Series LLC v. Jazz Pharms., PLC,*
  No. 23-cv-01591-NC (N.D. Cal.) ..........................................................................1

*MSP Recovery Claims, Series LLC v. Lundbeck LLC,*
  No. 3:22-cv-422, 2023 WL 2637383 (E.D. Va. Mar. 24, 2023).................... *passim*

*MSP Recovery Claims, Series LLC v. Pfizer, Inc.,*
  No. 1:22-cv-01419-DLF (D.D.C) ..........................................................................1

*MSP Recovery Claims, Series, LLC v. Sanofi Aventis,*
  No. 3:18-cv-2211, 2019 WL 1418129 (D.N.J. Mar. 29, 2019) ....................13, 14, 17

*MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC,*
  No. 3:18-cv-2211, 2020 WL 831578 (D. N.J. Feb. 20, 2020).............................13

*MSP Recovery v. Warner Chilcott PLC,*
  No. 18-cv-10274, 2019 WL 1333269 (D. Mass. Mar. 22, 2019) ........................14

v

*N'Jai v. U.S. Dept. of Educ.*,
   No. 19-cv-2712, 2021 WL 1209281 (D.D.C. Mar. 31, 2021) ....................................... 9

*Nationwide Mut. Ins. Co. v. Caris*,
   170 F. Supp. 3d 740 (D.N.J. 2016) ....................................... 14

*In re Niaspan Antitrust Litig.*,
   42 F. Supp. 3d 735 (E.D. Pa. 2014) ....................................... 16

*Or. Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*,
   185 F.3d 957 (9th Cir. 1999) ....................................... 3

*Pardini v. Unilever United States, Inc.*,
   961 F. Supp. 2d 1048 (N.D. Cal. 2013) ....................................... 12

*Petitt v. Celebrity Cruises, Inc.*,
   153 F. Supp. 2d 240 (S.D.N.Y. 2001) ....................................... 13

*Philips v. Ford Motor Co.*,
   No. 14-cv-02989, 2015 WL 4111448 (N.D. Cal. July 7, 2015) ....................................... 16

*Pytka v. Hannah LLP*,
   No. 011546, 2002 WL 31677458 (Mass. Sup. Ct. Oct. 30, 2002) ....................................... 17

*Religious Tech. Ctr. V. Wollersheim*,
   796 F.2d 1076 (9th Cir. 1986) ....................................... 3, 10

*In re Rezulin Prods. Liab. Litig.*,
   390 F. Supp. 2d 319 (S.D.N.Y. 2005) ....................................... 13

*Sanford v. MemberWorks, Inc.*,
   625 F.3d 550 (9th Cir. 2010) ....................................... 3

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ....................................... 2

*Se. Laborers Health & Welfare Fund v. Bayer Corp.*,
   655 F. Supp. 2d 1270 (S.D. Fla. 2009) ....................................... 17

*Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*,
   139 Wash.2d 824 (2000) ....................................... 17

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
   473 U.S. 479 (1985) ....................................... 3

*Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*,
   20 F. Supp. 3d 305, 334-36 (E.D.N.Y. 2014) ....................................... 11

*Shaulis v. Nordstrom, Inc.*,
   865 F.3d 1 (1st Cir. 2017) ....................................... 11

*Shaw v. Nissan North America, Inc.*,
   220 F. Supp. 3d 1046, 1054 (C.D. Cal. 2016) ....................................... 8

vi

*Speier- Roche v. Volkswagen Grp. of Am., Inc.*,
No. 14-20107, 2014 WL 1745050 (S.D. Fla. April 30, 2014)........................................15

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........................................................................................2

*State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Fla., Inc.*,
103 F. Supp. 3d 1343 (S.D. Fla. 2015) ........................................................................11

*State of Wash. v. LG Elecs., Inc.*,
340 P.3d 915 (Wash. Ct. App. 2014) ...........................................................................14

*Steele v. Hosp. Corp. of Am.*,
36 F.3d 69 (9th Cir. 1994) ..............................................................................................4

*Stutman v. Chem. Bank*,
95 N.Y.2d 24 (2000) .....................................................................................................11

*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*,
971 F.2d 401 (9th Cir. 1992) ........................................................................................16

*Sybersound Records, Inc. v. UAV Corp.*,
517 F.3d 1137 (9th Cir. 2008) ........................................................................................6

*Tabak v. Apple, Inc.*,
No. 19-cv-02455, 2020 WL 9066153 (N.D. Cal. Jan. 30, 2020)...................................10

*Trader Joe's Co. v. Hallatt*,
835 F.3d 960 (2016) ......................................................................................................13

*Travelers Indem. Co. v. Cephalon, Inc.*,
32 F. Supp. 3d 538 (E.D. Pa. 2014), *aff'd*, 620 F. App'x 82 (3d Cir. 2015) ...........3, 5

*UFCW Loc. 1776 v. Eli Lilly & Co.*,
620 F.3d 121 (2d Cir. 2010) ...........................................................................................6

*United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare
Fund v. Teikoku Pharma USA, Inc.*,
74 F. Supp. 3d 1052 (N.D. Cal. 2014) ..........................................................................13

*United Food & Com. Workers Unions & Emps. Midwest Health Benefits Fund v.
Walgreen Co.*,
719 F.3d 849 (7th Cir. 2013) ..........................................................................................7

*United States v. Cianci*,
378 F.3d 71 (1st Cir. 2004)..............................................................................................7

*United States v. Pinson*,
860 F.3d 152 (4th Cir. 2017) .......................................................................................7, 8

*Vacco v. Microsoft Corp.*,
260 Conn. 59 (2002) ......................................................................................................14

*Waste Pro USA v. Vision Constr. ENT, Inc.*,
282 So.3d 911 (Fla. Dist. Ct. App. 2019) .....................................................................11

vii

*Wellin v. Wellin*,
    No. 2:13-cv-1831, 2014 WL 234216 (D.S.C. Jan. 22, 2014) ......................................17

*Woodell v. Expedia Inc.*,
    No. C19-0051, 2019 WL 3287896 (W.D. Wash. July 22, 2019) ..............................7

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
    No. 15-cv-03913, 2021 WL 2853069 (E.D.La. July 8, 2021) ....................................6

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
    546 F. Supp. 3d 1216 (S.D. Fla. 2021) ........................................................................4

**Statutes and Rules**

15 U.S.C. § 15 .........................................................................................................................4

18 U.S.C. § 1952 .....................................................................................................................9

18 U.S.C. § 1961 ..................................................................................................................7, 9

18 U.S.C. § 1964(c) ............................................................................................................2, 4

31 U.S.C. § 3729 .....................................................................................................................9

42 U.S.C. § 1320a-7b ..............................................................................................................9

Ala. Code Civ. Prac. § 6-2-3 .................................................................................................17

Ala. Code Civ. Prac. § 6-2-38(l) ...........................................................................................17

Colo. Rev. Stat. § 13-80-102(1)(a) ........................................................................................17

Conn. Gen. Stat. § 42-110a(4) ...............................................................................................12

Conn. Gen. Stat. § 42-110g .............................................................................................11, 17

Fed. R. Civ. P. 9(b) ...............................................................................................1, 8, 10, 15

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................1

Fed. R. Civ. P. 12(b)(6) ......................................................................................................1, 6

Fla. Stat. § 95.11(3)(f) ...........................................................................................................15

Mass. Gen. Laws 93A, § 9 ....................................................................................................13

Mass. Gen. Laws 93A, § 11 ..................................................................................................13

Mass. Gen. Laws ch. 260, § 2A ............................................................................................17

N.J. Stat. Ann. § 56:8-19 .......................................................................................................11

U.S. Const., Art. 1, § 8, Clause 3 ..........................................................................................12

Va. Code § 8.01-248 ..............................................................................................................17

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

Wash. Rev. Code § 4.16.080.............................................................................................17

Wash. Rev. Code § 19.86.010...........................................................................................13

Wash. Rev. Code § 19.86.090...........................................................................................11

ix

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and Onyx Therapeutics, Inc. ("Defendants") move to dismiss the Corrected Class Action Complaint ("Complaint") [Dkt. 14-1] of Plaintiff MSP Recovery Claims, Series LLC ("Plaintiff") under Federal Rules of Civil Procedure Rule 9(b) and Rule 12(b)(6).

## **INTRODUCTION**

Despite its length, the Complaint fails to plead essential facts necessary to survive a motion to dismiss.  It certainly fails to plead with the particularity required by Rule 9(b) where, as here, the gravamen of the Complaint alleges a scheme to defraud healthcare payors and federal healthcare programs beginning more than a decade ago that purportedly continues through today.  Not surprisingly, courts in this district and across the country have rejected Plaintiff's attempts to recharacterize ordinary business relationships as RICO and consumer fraud violations without well-pled facts.  In particular, courts refuse to allow Plaintiff to leverage purported assignments from indirect purchasers of prescription medications into RICO and consumer fraud claims, including due to intractable problems around proximate causation.  Courts already have dismissed multiple prior lawsuits by Plaintiff for exactly these reasons.  The Court thus can and should grant this motion for myriad reasons and dismiss this action in its entirety.

## **BACKGROUND**

In light of Defendants' concurrently-filed Rule 12(b)(1) Motion, as well as the concurrently-filed motion to dismiss of Patient Access Network Foundation and Chronic Disease Fund, D/B/A Good Days, Defendants will not summarize Plaintiff's allegations again, beyond reiterating that Plaintiff does not allege it incurred any injury itself.  Rather, Plaintiff is in the business of filing hundreds of lawsuits across the country based on purported assignments.  *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 872 (7th Cir. 2021) (describing Plaintiff and its affiliates as "debt collectors").  This particular lawsuit is one of a series of actions against drug companies and patient assistance programs.  *See, e.g.*, *MSP Recovery Claims, Series LLC v. Jazz Pharms., PLC*, No. 23-cv-01591-NC (N.D. Cal.); *MSP Recovery Claims, Series LLC v. Actelion Pharms. US, Inc.*, No. 22-cv-07604 (N.D. Cal.); *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*,

1

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 9(b) AND 12(b)(6)

No. 1:22-cv-01419-DLF (D.D.C).  Like Plaintiff's other lawsuits, Plaintiff alleges that, from at least October 2011 to the present, Defendants conspired to subsidize patient co-payments for two prescription medications, Sensipar and Kyprolis.  *See, e.g.*, Compl. ¶¶ 7, 8, 10, 12, 15, 194, 288.

Plaintiff does not dispute that Sensipar and Kyprolis have been safe and effective, advancing patient health.  It does not allege that, with different or additional information about the risks and benefits of the medications, physicians would have prescribed different therapies or patients would have received better healthcare.  It also does not allege that federal healthcare programs or any of its "Assignors" refused to approve or reimburse prescriptions for Sensipar or Kyprolis as "unpayable." *See, e.g.*, Compl. ¶¶ 188-191, 203-205, 234, 239, 242, Exs. A, B, T.  Nor does Plaintiff identify even one example of a reimbursement for a Sensipar or Kyprolis prescription for which a patient received co-pay assistance due to the purported kickback scheme, much less facts to establish that such a reimbursement has been assigned to Plaintiff.

## STANDARD

Plaintiff must plead sufficient "factual content" to state a viable legal theory.  *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court need not "accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court likewise should disregard "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). And "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Before "a potentially massive factual controversy [can] proceed," a complaint must plead facts about a purported fraudulent scheme with particularity (*Twombly*, 550 U.S. at 558), laying out the "who, what, when, where, and how."  *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

## ARGUMENT

**I.   THE COURT SHOULD DISMISS PLAINTIFF'S RICO CLAIMS.**

Plaintiff's RICO claims fail for multiple independent reasons.  RICO does not permit claims by indirect purchasers and requires a cognizable injury to "business or property."  18 U.S.C.

2

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

§ 1964(c); *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 279 (1992); *Humana, Inc. v. Biogen, Inc.*, No. 21-11578, 2023 WL 2743307, at *1 (D. Mass. Mar. 31, 2023); *Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. 3d 538, 548 (E.D. Pa. 2014), *aff'd*, 620 F. App'x 82 (3d Cir. 2015). RICO claims also are subject to a proximate-cause standard, which—as two federal courts confronted with nearly identical allegations have recently held—Plaintiff cannot satisfy. *See MSP Recovery Claims, Series LLC v. Lundbeck LLC*, No. 3:22-cv-422, 2023 WL 2637383, at *16 (E.D. Va. Mar. 24, 2023); *MSP Recovery Claims, Series LLC v. Caring Voice Coal., Inc.* ("*CVC*"), No. 21-21317, 2022 WL 3155035, at *11 (S.D. Fla. July 21, 2022), *R&R adopted*, 2022 WL 4448256, at *1 (S.D. Fla. Sept. 23, 2022). In addition, Plaintiff fails to adequately plead a pattern of racketeering activity on behalf of an enterprise. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Because Plaintiff's substantive RICO claim fails, its RICO conspiracy claim necessarily fails as well. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) (recognizing that RICO conspiracy cannot survive without a RICO substantive claim). Finally, Plaintiff cannot seek injunctive relief under RICO. *Religious Tech. Ctr. V. Wollersheim*, 796 F.2d 1076, 1084 (9th Cir. 1986).

### A.    Plaintiff Cannot Pursue RICO Claims On Behalf Of Indirect Purchasers.

Plaintiff relies upon purported assignments from indirect purchasers of Sensipar and Kyprolis to pursue RICO claims. Because indirect purchasers like the assignors cannot assert RICO claims, and Plaintiff has no greater rights than its assignors, Plaintiff cannot assert RICO claims, and the Court should dismiss the RICO claims.

Although the indirect-purchaser rule originated in antitrust law (*Ill. Brick Co. v. Illinois*, 431 U.S. 720, 729 (1977)), "[e]very circuit to have considered the issue has held that the rule also applies to civil RICO actions, and that indirect purchasers therefore do not have standing to assert RICO claims." *Humana, Inc.*, 2023 WL 2743307, at *1 (rejecting RICO claims relating to alleged improper conduct in connection with co-payment patient charity). Courts apply the indirect-purchaser rule to RICO claims because "[t]he requirements for standing to maintain a civil action under RICO and the antitrust laws are similar" as RICO and the antitrust statute share identical language. *Or. Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 963

(9th Cir. 1999); *accord Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168–69 (9th Cir. 2002); *compare* 18 U.S.C. § 1964(c) *with* 15 U.S.C. § 15 (using identical language).

Plaintiff knows that the indirect purchaser rule bars its RICO claims. Courts have dismissed multiple cases filed by Plaintiff for exactly this reason. *Lundbeck LLC*, 2023 WL 2637383, at *8-9 (rejecting "RICO claims by indirect purchasers, like Plaintiffs"); *MSP Recovery Claims, Series LLC v. Abbott Lab'ys*, No. 19-21607, 2021 WL 2177548, at *6-8 (D.N.J. May 28, 2021) (holding Plaintiff's RICO claims were "barred by the indirect purchaser rule").[1] The Complaint here does not allege—even in conclusory fashion—that Plaintiff's purported assignors purchased Sensipar or Kyprolis directly from Defendants. Rather, Plaintiff alleges that its assignors incurred "payment obligations" (Compl. ¶ 61) on behalf of "covered patients" (*id.* ¶¶ 63, 65) who were prescribed Sensipar or Kyprolis. Accordingly, the Court should dismiss the RICO claim with prejudice under the indirect-purchaser rule.

### B.    Plaintiff's Purported Assignors Lack A RICO Injury.

Plaintiff alleges Sensipar or Kyprolis were over-prescribed, sold at inflated prices, and are not reimbursable. Compl. ¶¶ 58-66. Even if the indirect-purchaser rule did not already bar Plaintiff's RICO claims, however, the Complaint lacks sufficient facts to state a cognizable RICO injury to Plaintiff's assignors.

A RICO plaintiff must adequately plead a "concrete financial loss" or other "tangible" or "concrete" injury to "a specific business or property interest." *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008); *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc). This requirement "helps to assure that RICO is not expanded to provide 'a federal cause of action and treble damages to every tort plaintiff.'" *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994) (citation omitted). Pertinent here, a RICO "plaintiff is not injured simply because it paid for a more expensive drug. If this were so, then any successful marketing campaign—no matter how truthful— that induced a consumer to purchase the more expensive of competing products would cause

---

[1] *Accord Humana, Inc. v. Indivior, Inc.*, Nos. 21-2573, 21-2574, 2022 WL 17718342, at *1 (3d Cir. Dec. 15, 2022) (affirming dismissal of RICO claim because insurers that reimburse for prescriptions are indirect purchasers); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 546 F. Supp. 3d 1216, 1225-27 (S.D. Fla. 2021) (dismissing RICO claims by indirect purchasers).

'economic injury.'" *Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. 3d 538, 548 (E.D. Pa. 2014), *aff'd*, 620 F. App'x 82 (3d Cir. 2015) (dismissing RICO claims).  For a RICO injury, Plaintiff must allege not only that an assignor reimbursed for Sensipar or Kyprolis, but that it did so "in reliance on untrue statements or misrepresentations about [their] attributes"—*i.e.*, that an assignor "paid for something of less value than that which was represented by the defendant." *Travelers Indem. Co.*, 32 F. Supp. 3d at 549.

Here, Plaintiff does not allege facts that could suffice for a cognizable RICO injury.  As an initial matter, Plaintiff does not allege a single instance where an assignor was not paid by a federal healthcare program for covering patients prescribed Sensipar or Kyprolis.  The theoretical possibility that—after more than a decade (Compl. ¶ 194)—one of Plaintiff's purported assignors *might* not be paid by a federal healthcare program because of an alleged improper kickback scheme involving patient assistance programs does not constitute a cognizable RICO injury.  As for alleged excess prescriptions and inflated prices, Plaintiff does not allege a single false or misleading statement about the safety or effectiveness of Sensipar or Kyprolis, or medically unnecessary prescriptions.

Accordingly, the Court should dismiss the RICO claims due to the lack of a cognizable injury.  "[T]here is no economic injury for the purchase of a prescription drug when the drug proves at all beneficial to the patient prescribed it." *In Ironworkers Local Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1360 (11th Cir. 2011).

### C.    Plaintiff Fails To Plead Proximate Causation.

Given the few facts alleged in the Complaint, Plaintiff also cannot satisfy the proximate cause standard required to pursue RICO claims, and the Court can dismiss the RICO claims on this separate and independent ground.

Proximate cause for RICO liability requires "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268.  When evaluating the "directness" of an alleged RICO injury, courts consider the presence of independent factors complicating the determination of a plaintiff's damages, the risk of multiple recoveries, and the presence of more directly injured victims. *Id.* at 269-70.  A link that is "too remote," "purely contingent," or indirect is insufficient. *Id.* at 268-69, 271, 274.

1   Applying the *Holmes* factors, courts reject RICO claims due to a lack of proximate cause

2   when, as here, a prescription manufacturer did not allegedly make a direct misrepresentation to third-

3   party payors who later assigned claims to Plaintiff.  *CVC*,  2022 WL 3155035, at \*9-12; *UFCW Loc.*

4   *1776 v. Eli Lilly & Co.*, 620 F.3d 121, 134 (2d Cir. 2010) (rejecting RICO proximate cause when

5   "[c]rucially, the [third-party payors] do not allege that *they* relied on Lilly's misrepresentations,"

6   meaning causal chain dependent on "independent actions of third and even fourth parties" such as

7   physicians and pharmacy benefit managers); *accord Sybersound Records, Inc. v. UAV Corp.*, 517

8   F.3d 1137, 1146-49 (9th Cir. 2008) (affirming Rule 12(b)(6) dismissal because RICO rested on

9   speculative and complicated theory of causation).  Absent allegations of a direct misrepresentation

10  "intervening factors—such as a physician's independent medical judgment or a patient's

11  decisionmaking—interrupt the chain of causation."   *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,

12  No. 15-cv-03913, 2021 WL 2853069, at \*6 (E.D.La. July 8, 2021) (internal quotation omitted).

13  Plaintiff's RICO claims fail due to the lack of a direct causal connection between

14  Defendants' alleged conduct and any theoretical injury.  Plaintiffs do not allege (with particularity or

15  otherwise) any false or misleading statement made to either of the two assignors identified by name

16  in the Complaint, which are the only assignors whose claims are potentially at issue.  *MAO-MSO*

17  *Recovery II, LLC v. Mercury General*, No. 21-56395, 2023 WL 1793469, at \*1 (9th Cir. Feb. 7,

18  2023) (limiting potential claims in these cases to identified assignors).  Instead, Plaintiffs allege only

19  that Defendants made "false" (or "implied" false) certifications to the government.  *See, e.g.*, Compl.

20  ¶¶ 14, 26, 246, 258, 281.  As a result, Plaintiff's theory of causation depends on "multifaceted and

21  individualized decisions," including decisions "made by thousands of physicians ... who exercise

22  their own independent judgment about whether to prescribe" medications.  *In re Xarelto*, 2021 WL

23  2853069, at \*8.  Each of those independent decisions "interrupt the chain of causation and

24  extinguish proximate causation."  *Id.*

25  Accordingly, Plaintiff's RICO claims should be dismissed for failure to plead proximate

26  cause.

27

28

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

**D.    Plaintiff Fails To Adequately Plead An "Enterprise".**

In addition to other defects, Plaintiff's RICO claims rest on an alleged association-in-fact enterprise (Compl. ¶¶ 314-15), but the Complaint consists of nothing beyond conclusory allegations that cannot withstand a motion to dismiss.

For RICO purposes, an association-in-fact enterprise consists of "a group of persons associated together for a common purpose of engaging in a course of conduct." *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015); 18 U.S.C. § 1961(4).  Like any RICO enterprise, an association-in-fact enterprise must have at least three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).  While it need not take a particular form, such as "a hierarchical structure" or a "chain of command," it must have a discrete existence and structure that unites the purported members into a recognizable group.  *Id.* at 948.

An association-in-fact enterprise "does not follow, *ipso facto*, from evidence that those named as the enterprise's associates engaged in crimes that collectively may be characterized as a 'pattern of racketeering activity.'" *United States v. Cianci*, 378 F.3d 71, 81-82 (1st Cir. 2004).  "The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *Id.* (quoting *U.S. v. Turkette*, 452 U.S. 576, 583 (1981)).  RICO defendants must participate in an "ongoing organization" that operated as a "continuing unit"—separate from individual acts of racketeering—for an enterprise to exist.  *See Boyle*, 556 U.S. at 944-45; *United States v. Pinson*, 860 F.3d 152, 162 (4th Cir. 2017).

For that reason, a RICO enterprise requires "specific factual allegations that [defendants] acted with an objective unrelated to ordinary business aims." *Woodell v. Expedia Inc.*, No. C19-0051, 2019 WL 3287896, at *7 (W.D. Wash. July 22, 2019).  Allegations consistent with arm's length commercial relationships do not plausibly plead a RICO enterprise, particularly where a plaintiff does not "allege, for instance, that officials from either company involved themselves in the affairs of the other." *United Food & Com. Workers Unions & Emps. Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 854 (7th Cir. 2013).  What sets a RICO enterprise apart is the design to make money for the enterprise as a unit. *See Hunt v. Zuffa, LLC*, No. 19-17529, 2021 WL

7

4355728, at *2 (9th Cir. Sept. 24, 2021) (affirming dismissal of RICO claims for failure to "sufficiently allege that the[] alleged associates functioned as a unit, as opposed to a collection of unrelated individuals"); *Pinson*, 860 F.3d at 162 (rejecting plaintiffs' enterprise theory because, although the "venture ... was to enrich its members, ... any fruits of these ventures accrued only to members of each venture" and "did not carry over to the members of other ventures," consistent with ordinary business relationships).

Here, Plaintiff has failed to adequately allege an enterprise because, disregarding conclusory allegations, nothing is left beyond arm's-length business transactions. Plaintiff does not allege that any named defendant shared officers or employees with another or meddled in the operations of another. Plaintiff also cannot allege that the underlying agreements among the defendants to provide patient assistance are or were inherently unlawful. The Complaint refers to a profit motive and executive compensation (Compl. ¶¶ 317-18), but such allegations are equally consistent with ordinary business dealings where each participant seeks to maximize its own profits and, thus, do not plausibly allege a vast, decade-plus criminal conspiracy. *Iqbal*, 556 U.S. at 678; *Shaw v. Nissan North America, Inc.*, 220 F. Supp. 3d 1046, 1054 (C.D. Cal. 2016) (rejecting RICO enterprise between manufacturer and supplier to "conceal[] the scope and nature of" defects "to sell more" vehicles and "maximize the[ir] revenue and profitability" as equally consistent with a "routine business relationship between the various parties").

Especially in light of the demands of Rule 9(b), the Court should dismiss the RICO claims for failure to adequately allege an enterprise.

### E. Plaintiff Fails To Adequately Plead Predicate Acts And, Thus, A Pattern Of Racketeering.

The Court also can and should dismiss Plaintiff's RICO claims for failure to allege a predicate act with the particularity required by Rule 9(b), which necessarily means Plaintiff has not adequately alleged a pattern of racketeering.

***First***, Plaintiff offers nothing beyond pablum for federal mail and wire fraud. The Complaint lacks any well-plead facts about "the 'who,' 'what,' 'when,' and 'where'" of fraudulent statements through the mail or wires. *MSP Recovery Claims, Series LLC v. Avanir Pharms.*, CV 22-01026,

2022 WL 17220647, at *7 (C.D. Cal. Oct. 20, 2022) (dismissing RICO claim for failure to plead mail and wire fraud with particularity); *accord N'Jai v. U.S. Dept. of Educ.*, No. 19-cv-2712, 2021 WL 1209281, at *7 (D.D.C. Mar. 31, 2021).  Notably, Plaintiff fails to allege which defendant made which false or misleading statement.  *See Earle v. Clayton*, No. 19-1419, 2020 WL 95812, at *10 (D.D.C. Jan. 8, 2020) (dismissing civil RICO claims where the plaintiff failed to allege which defendants made alleged false statements to victims).

**Second**, the Court should reject Plaintiff's effort to use the Travel Act (18 U.S.C. § 1952) as a RICO predicate.  Under this theory, Plaintiff contends Defendants violated the Travel Act by, in turn, violating the Anti-Kickback Statute ("AKS", 42 U.S.C. § 1320a-7b), the False Claims Act ("FCA", 31 U.S.C. § 3729), and what Plaintiff describes as "state bribery laws" in Connecticut, Florida, Massachusetts, South Carolina, and Virginia.  Compl. ¶¶ 37, 59 333, 340.  Neither the AKS nor the FCA is a predicate act under RICO, and Plaintiff cannot transform either into a RICO predicate via the Travel Act.  *See In re EpiPen Direct Purchaser Litig.*, No. 20-cv-0827, 2022 WL 1017770, at *4 (D. Minn. Apr. 5, 2022); 18 U.S.C. § 1961(1); *see also E. Savings Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 14 (D.D.C. 2014) (rejecting RICO claim "based on bribery" under a federal statute that "is not one of the enumerated predicate acts that gives rise to a RICO violation").  The five state statutes Plaintiff proposes as RICO predicates parallel the AKS and FCA; in particular, none requires proof of the type of relationship of "special trust" associated with true bribery statutes that can serve as RICO predicates.  *See EpiPen*, 2022 WL 1017770, at *4-6.

Plaintiff thus fails to adequately allege predicate acts and, by extension, a pattern of racketeering, and its RICO claims should be dismissed.

### F.    Plaintiff Cannot Pursue A RICO Conspiracy Claim.

Plaintiff cannot allege a RICO conspiracy without a viable RICO claim.  *Avanir Pharms.*, 2022 WL 17220647, at *8.  As a result, if the Court dismisses Plaintiff's RICO claim, it should dismiss the RICO conspiracy claim as well.

### G.      Plaintiff Cannot Seek Injunctive Relief Under RICO.

The Ninth Circuit has unequivocally held that "injunctive relief is not available to a private party in a civil RICO action." *Religious Tech. Ctr.*, 796 F.2d at 1084.  At a minimum, the Court should dismiss Plaintiff's request for "injunctive/equitable" relief under RICO.  Compl. ¶¶ 352, 365.

## II.   PLAINTIFF'S STATE CONSUMER PROTECTION CLAIMS (COUNT III) ALL FAIL.

Plaintiff's claims based on purported violations of the consumer protection statutes of Connecticut, Florida, Massachusetts, New Jersey, New York, and Washington all fail for a host of reasons, including for several of the same reasons that their federal RICO claims fail.  *See CVC*, 2022 WL 3155035, at *8, *12–13 (dismissing MSP Recovery's claims under the "consumer protection laws [of] Connecticut, Florida, Massachusetts, New York," among others, for the same reasons as the RICO claims); *Lundbeck*, 2023 WL 2637383, at *17 (dismissing state law claims for same reasons as court dismissed RICO claims).

### A.      Plaintiff Fails To Plead False Statements With Particularity.

Consumer protection claims must satisfy Rule 9(b), no matter which state's laws they are asserted under.  *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009); *Tabak v. Apple, Inc.*, No. 19-cv-02455, 2020 WL 9066153, at *7 (N.D. Cal. Jan. 30, 2020) (applying Rule 9(b) to claims under various state consumer statutes).[2]  Plaintiff fails to sufficiently allege any state consumer protection claim because, as explained with respect to the RICO claims, Plaintiff has not adequately alleged any misrepresentations under Rule 9(b), let alone statements directed to consumers, Plaintiff, or either of Plaintiff's identified assignors.  As a result, all these claims should be dismissed.

---

[2] *See, e.g.*, *Morgan v. Apple Inc.,* No. 17-cv-05277, 2018 WL 2234537, at *3 (N.D. Cal. May 16, 2018) (Florida statute, requiring misrepresentations to consumers); *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (New York statute, "reasonable consumer standard").

**B.      Plaintiff Fails To Plead Injury In Fact.**

Consumer protection claims require a showing of damages that are "concrete" and "ascertainable," rather than merely "[t]heoretical."[3]  Because Plaintiff fails to allege such a loss under RICO, it also fails to adequately allege injury for purposes of its state consumer-protection claims.  *See Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 20 F. Supp. 3d 305, 334–36 (E.D.N.Y. 2014) (dismissing New York and Massachusetts consumer claims for failure to plead injury for the same reasons RICO claims failed).

**C.      Plaintiff Fails to Allege Proximate Causation.**

Causation is an essential element of Plaintiff's consumer-protection claims,[4] and one that it fails to adequately allege.  Here, Plaintiff relies on an indirect, multi-step theory of proximate cause, which other courts considering actions brought by this same Plaintiff have recognized is inherently speculative.  *See CVC*, 2022 WL 3155035, at *8, *13 (dismissing "duplicative state law claims" for lack of causation); *Lundbeck*, 2023 WL 2637383, at *17 ("[Plaintiff's] consumer protection claims must be dismissed because no direct causal chain exists between [their assignors'] injuries and Defendants' actions.").  Plaintiff's inability to allege a non-speculative, direct injury to either of its identified assignors is fatal to its state-law claims as well.

---

[3] *See* Conn. Gen. Stat. § 42-110g(a) (permitting suit only by person "who suffers any ascertainable loss of money or property…as a result of [a prohibited practice]); *State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Fla., Inc.,* 103 F. Supp. 3d 1343, 1354 (S.D. Fla. 2015) (Florida); *Shaulis v. Nordstrom, Inc.,* 865 F.3d 1, 11 (1st Cir. 2017) (Massachusetts); N.J. Stat. Ann. § 56:8-19 (requiring "ascertainable loss"); *Daniel v. Mondelez Int'l, Inc.,* 287 F. Supp. 3d 177, 195 (E.D.N.Y. 2018) (New York); Wash. Rev. Code § 19.86.090 (requiring proof of "injury").

[4] *See, e.g.*, *Conn. Fair Hous. Ctr. v. Corelogic Rental Prop. Sol., LLC*, 369 F. Supp. 3d 362, 380 (D. Conn. 2019) (Connecticut); Conn. Gen. Stat. § 42-110g(a) (requiring proof of loss "as a result of [a prohibited practice]"); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 231 (D. Conn. 2014) (Connecticut); *Waste Pro USA v. Vision Constr. ENT, Inc.*, 282 So.3d 911, 917 (Fla. Dist. Ct. App. 2019) (Florida); *Lombardo v. Johnson & Johnson Consumer Cos.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015) ("causation [under] FDUTPA … must be direct") (Florida); *Malden Trans., Inc. v. Uber Techs., Inc.*, 386 F. Supp. 3d 96, 100 (D. Mass. 2019) (Massachusetts); *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (New York); N.J. Stat. Ann. § 56:8-19 (requiring proof that loss was "as a result of" the prohibited practice) Wash. Rev. Code § 19.86.090; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 787–93 (1986) (Washington).

---

### D.    Plaintiff Fails To Plead Intrastate Conduct.

State consumer protection statutes do not apply to conduct entirely outside the state both as a matter of state law[5] and in light of the Constitutional constraints imposed by the Dormant Commerce Clause. *See*, *e.g.*, *Allergan, Inc. v. Athena Cosmetics, Inc.*, 738 F.3d 1350, 1359 (Fed. Cir. 2013) (explaining a state "is not permitted … to extend its unfair competition law to other states"). Courts routinely dismiss consumer-protection claims where, like here, the Complaint fails to plead nonconclusory facts about the purported connection between even one specific transaction and the laws of any particular state. *See* Compl. ¶ 63; *In re Carrier IQ, Inc*., 78 F. Supp. 3d 1051, 1074-75 (N.D. Cal. 2015) (dismissing state law claims due to lack of nonconclusory allegations relating to state); *Pardini v. Unilever United States, Inc*., 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (same); *see also Corcoran v. CVS Health Corp*., 169 F. Supp. 3d 970, 990-91 (N.D. Cal. 2016) (holding plaintiffs lacked statutory standing to assert state-law claim when they did not reside in the state and were not harmed in the state).

Plaintiff's vague and conclusory allegation about "one or more purchases" within each state (*e.g.*, Compl. ¶ 380) by unidentified assignors cannot suffice. Plaintiff does not allege when and where each such prescription occurred, that it was reimbursed by one of the two assignors identified by name in the Complaint, and that a reimbursement by one of those assignors was somehow connected to the allegedly fraudulent scheme. *MAO-MSO Recovery II, LLC* 2023 WL 1793469, at *1 (limiting potential claims to those asserted on behalf of identified assignors). The fact that an assignor is allegedly incorporated in a state does not establish that any transaction encompassed by an assignment occurred there. *See* Compl., Exs. C, V. Absent such foundational allegations, Plaintiff's state law claims should be dismissed as a matter of law.[6]

---

[5] *See, e.g.*, *Five for Entm't v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012); *Amalg. Titanium Int'l Corp. v. Mennie Mach. Co*., 581 F. Supp. 3d 289, 306 (D. Mass. 2022); *Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2002).

[6] *See* Conn. Gen. Stat. § 42-110a(4) (requiring trade or commerce "in this state"); *Alexander Hamilton Life Ins. Co. of Am. v. James River Corp. of Va.*, No. 3:96-cv-1100, 1997 WL 13053, at *7 (D. Conn. Jan. 14, 1997) (dismissing claim under the CT statute for failure to allege what conduct occurred in CT); *Kava Culture Franchise Group Corp. v. Dar-Jkta Enters. LLC*, No. 2:23-cv-278, 2023 WL 3121893, at *6 (M.D. Fla. Apr. 27, 2023) (reaffirming that FDUTPA applies only to in-

---

12

E.    **Plaintiff and Its Assignors Are Not "Consumers" and Cannot Satisfy Other Applicable Statutory Requirements.**

Plaintiff's state consumer protection claims fail as a matter of law for additional reasons.  To start, neither Plaintiff nor its purported Assignors have statutory standing as consumers under the laws of Massachusetts, New Jersey, and New York.  *See, e.g.*, *MSP Recovery Claims, Series, LLC v. Sanofi Aventis*, No. 3:18-cv-2211, 2019 WL 1418129, at *18 (D.N.J. Mar. 29, 2019) (dismissing New Jersey consumer fraud claims because Plaintiff's assignors are third-party payors are therefore not consumers under the Act); Mass. Gen. Laws 93A, § 9.[7]  New York also does not permit recovery when "transactions are not consumer oriented," and all of Plaintiff's claims arise from alleged "business to business transactions" connected with health care reimbursements.  *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, No. 3:18-cv-2211, 2020 WL 831578, at *10 (D. N.J. Feb. 20, 2020) (dismissing New York consumer protection claims); *Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443, 449 (S.D.N.Y. 2004) (holding that "allegedly deceptive acts that occur between relatively sophisticated entities with equal bargaining power do not give rise to § 349 liability").

Massachusetts permits claims by businesses under Mass. Gen. Laws ch. 93A, § 11, but only if they are direct purchasers, which Plaintiff is not. *See In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2013 WL 2456612, at *29 (E.D. Mich. June 6, 2013); *United Food & Com. Workers Loc.*

---

state wrongful conduct); Mass. Gen. Laws 93A, § 11 (requiring challenged conduct to have "occurred primarily and substantially within the commonwealth"); *Amalg. Titanium Int'l Corp. v. Mennie Mach. Co.*, 581 F. Supp. 3d 289, 306 (D. Mass. 2022); *Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 197 (1st Cir. 2012) (finding no claim under the MA statute where "the direct impact of the deception ... was on customers all over the country" and wrongdoing was not "focused" on MA"); *Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (requiring in-state deception); *Petitt v. Celebrity Cruises, Inc.*, 153 F. Supp. 2d 240, 265-66 (S.D.N.Y. 2001) (dismissing claim under the NY statute for failure to plead what unlawful conduct occurred in NY); Wash. Rev. Code § 19.86.010 (requiring commerce "directly or indirectly affecting the people of the State of Washington"); *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 976-77 (2016) (rejecting extraterritorial application of WCPA where no party was a Washington resident and the allegedly deceptive conduct occurred outside of Washington).

[7] *See also In re Rezulin Prods. Liab. Litig.*, 390 F. Supp. 2d 319, 338 (S.D.N.Y. 2005); *ExxonMobil Inter-America v. Advanced Info. Eng'g Servs.*, 328 F. Supp. 2d 443, 448 (S.D.N.Y. 2004).

1776 & Participating Emps. Health & Welfare Fund v. Teikoku Pharma USA, Inc., 74 F. Supp. 3d
1052, 1086 (N.D. Cal. 2014).

Connecticut, New Jersey, and Washington likewise do not permit claims under their
consumer protection statutes by indirect purchasers. *See Johnson v. Microsoft Corp.*, 834 N.E.2d
791, 797 & n.2 (Ohio 2005) (applying rule at state level, and noting that, *inter alia*, Connecticut and
Massachusetts do so too); *Vacco v. Microsoft Corp.*, 260 Conn. 59, 83-84 (2002); *In re Insulin
Pricing Litig.*, No. 3:17-cv-699, 2020 WL 831552, at *9 (D.N.J. Feb. 20, 2020); *Sanofi Aventis U.S.
LLC*, 2019 WL 1418129, at *18; *State of Wash. v. LG Elecs., Inc.*, 340 P.3d 915, 921 (Wash. Ct.
App. 2014) (concluding "neither federal law nor the [Washington Consumer Protection Act] permits
'persons' who are considered indirect purchasers to seek actual damages.").

Florida also requires proof of injury or detriment to consumers, which Plaintiff fails plausibly
to allege. *See CEMEX Constr. Materials Fla. v. Armstrong World Indus., Inc.*, No. 3:16-cv-186,
2018 WL 905752, at *14–16 (M.D. Fla. Feb. 15, 2018).

Last, as a purported assignee, Plaintiff "lack[s] standing to sue" under the New Jersey
Consumer Fraud Act. *Nationwide Mut. Ins. Co. v. Caris*, 170 F. Supp. 3d 740, 747 (D.N.J. 2016)
(assignees lack standing because they cannot demonstrate that they "suffered an ascertainable loss").

### F.    Plaintiff's Connecticut, Florida, and New York Consumer Protection Claims Are Untimely.

Plaintiff bases its suit on Amgen's 2019 settlement with the DOJ, which was announced on
April 25, 2019, and which put Plaintiff's Assignors on notice of these claims. Compl. ¶ 302
("Assignors did not know, and had no reasonable way of discovering, Defendants' Scheme until it
became public knowledge as a result of the DOJ's press release."), Exs. A-B; *Hess v. Wells Fargo
Bank, N.A.*, No. C-12-5799, 2013 WL 791494, at *3 (N.D. Cal. Mar. 4, 2013) (explaining, in RICO
case, that "[a] plaintiff has constructive knowledge ... when 'it had enough information to warrant an
investigation which, if reasonably diligent, would have led to discovery of the fraud'"); *MSP
Recovery v. Warner Chilcott PLC*, No. 18-cv-10274, 2019 WL 1333269, at *4–6 (D. Mass. Mar. 22,
2019) (holding Plaintiff's claims against another pharmaceutical defendant accrued "no later than

14

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

[the date] the facts alleged in [Plaintiff's] Complaint were publicly available through *qui tam* complaints").

Plaintiff filed suit on April 25, 2023, exactly four years later.  Plaintiff thus did not meet the statute of limitations for their Connecticut or New York claims, which have three-year limitations periods.  *See Edwards v. McMillen Cap., LLC*, 574 F. Supp. 3d 52, 70 (D. Conn. 2021); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789-90 (2012).  Nor did Plaintiff meet the statute of limitations for their FDUTPA claim, which requires suit within four years from the date of the event giving rise to the claim, which necessarily pre-dated the DOJ's 2019 announcement.  *See, e.g.*, Fla. Stat. § 95.11(3)(f); *Speier- Roche v. Volkswagen Grp. of Am., Inc.*, No. 14-20107, 2014 WL 1745050, at *6-7 (S.D. Fla. April 30, 2014).  Given that the DOJ's press release disclosed the conduct on which Plaintiff's claims are based, Plaintiff cannot avoid the statute of limitations by alleging fraudulent concealment.  Compl. ¶ 30, Ex. B.  Moreover, Plaintiff alleges no facts about unlawful conduct or injuries *after* December 2016 (*see* Compl. ¶ 274 n.95), so cannot assert claims based on unspecified continuing conduct.  *See, e.g.*, *Hylete, Inc. v. Hybrid Athletics, LLC*, No. 3:19-cv-02494, 2020 WL 2571196, at *9 (S.D. Cal. May 21, 2020) (conclusory allegations of continuing misleading statements insufficient to avoid statute of limitations).  Plaintiff's claims under Connecticut, Florida, and New York consumer protection statutes are therefore barred.

### III.   PLAINTIFF FAILS TO STATE AN UNJUST ENRICHMENT CLAIM (COUNT IV).

Plaintiff's unjust enrichment claim fails for at least five reasons.[8]

*First*, where, as here, an unjust enrichment claim is "based on the same allegedly misleading [conduct] upon which [fraud-based] claims are based," it "also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements"—a standard Plaintiff falls far short of reaching.  *In re Arris Cable Modem Consumer Litig*., 2018 WL 288085, at *10 (N.D. Cal. Jan. 4, 2018); *In re Actimmune*, No. C-08-02376, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009).  Plaintiff fails to otherwise "allege the predicate elements of liability" for unjust enrichment, for which other courts

---

[8] Plaintiff references the following states in its unjust enrichment claim:  Alabama; Colorado; Connecticut; Florida; Kansas; Maryland; Massachusetts; New Jersey; New York; North Carolina; South Carolina; Tennessee; Virginia; and Washington.

have dismissed similar claims by Plaintiff.  *Lundbeck LLC*, 2023 WL 2637383, at *17; *CVC*, 2022 WL 3155035, at *13.  Moreover, as with the consumer protection claims, Plaintiff fails to allege facts to demonstrate standing under any state's unjust enrichment law.  *Supra* Argument § II.D.

**Second**, unjust enrichment is an equitable remedy.  It is not available where, as here, Plaintiff would have "an adequate remedy at law" if it could adequately allege a viable theory of recovery. *Avanir Pharms.*, 2022 WL 17220647, at *7 (recently dismissing an indistinguishable unjust enrichment claim alleged by Plaintiff on this ground).

**Third**, unjust enrichment is not available where one party voluntarily paid a disclosed price in exchange for a particular good, and the good worked as presented.  In such circumstances, the purchaser received the good they were promised, and there is nothing "unjust" for equity to remedy. *See In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 420–21 (D. Del. 2007) (applying law of all 50 states).  Here, Plaintiff does not and cannot allege that Assignors were unaware of the price of Sensipar and Kyprolis or the safety profile of Sensipar and Kyprolis.

**Fourth**, there can be no unjust enrichment claims where, as here, a contract underlies the transaction at issue.  *See, e.g.*, *Sutter Home Winery, Inc. v. Vintage Selections, Ltd*., 971 F.2d 401, 408-09 (9th Cir. 1992) (explaining "equitable grounds for relief" are not available when an express contract governs); *Philips v. Ford Motor Co*., No. 14-cv-02989, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available.").  All of Plaintiff's claims and theories depend on contractual agreements between its purported assignors and other entities, such as pharmacy benefit managers and pharmacies.

**Fifth**, unjust enrichment requires that the defendant received a benefit from the plaintiff; where an indirect purchaser cannot otherwise pursue a claim, they likewise should not be permitted to pursue an equitable remedy on a theory of unjust enrichment.  *See, e.g.*, *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) (unjust enrichment requires a "direct benefit"); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 766 (E.D. Pa. 2014) (dismissing unjust enrichment claims brought by indirect purchasers).  At minimum, where RICO and "other tort claims have failed because of the remoteness of a plaintiff's injuries from a defendant's wrongdoing, an unjust enrichment claim

16

should not be allowed to proceed" either.  *See Se. Laborers Health & Welfare Fund v. Bayer Corp.*, 655 F. Supp. 2d 1270, 1289 (S.D. Fla. 2009); *In re Cathode Ray Tube Antitrust Litig.*, MDL No. 1917, 2022 WL 1616197, at *1 (N.D. Cal. Jan. 31, 2022) (the "vast majority of courts rightly hold that unjust enrichment may not supply a valid cause of action ... where plaintiffs are ... barred from recovery under relevant antitrust and consumer protection statutes").

**Sixth**, Plaintiff's unjust enrichment claims are time-barred under the laws of thirteen of the fourteen states listed (all but New Jersey).  *Supra* Argument § II.F.[9]

## IV.   PLAINTIFF'S CLAIM UNDER FLORIDA'S CIVIL PENALTIES FOR CRIMINAL PRACTICES ACT (COUNT V) FAILS FOR THE SAME REASONS AS THE FEDERAL RICO CLAIMS.

Florida's Civil Penalties for Criminal Practices Act claim is a state-law equivalent of a RICO claim and should be dismissed for the same reasons.  *Supra* Argument § I; *CVC*, 2022 WL 3155035, at *14 ("The Eleventh Circuit has consistently ruled that 'the analysis we apply to the plaintiffs' federal RICO claims is equally applicable to [Florida's] state RICO claims.'"); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263-64 (11th Cir. 2004) (noting Florida courts look to federal RICO cases for guidance); *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 2:15-cv-328, 2015 WL 12838168, at *18 (M.D. Fla. July 1, 2015); *Lundbeck*, 2023 WL 2637383, at *17 (dismissing Florida RICO claim "for the same reasons this Court will dismiss Plaintiffs' federal RICO claims"). Regardless, "the Florida RICO Act does not apply extraterritorially," and Plaintiff does not allege any criminal acts within Florida, further dooming this claim.  *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 681-82 (11th Cir. 2014).

---

[9] Ala. Code Civ. Prac. §§ 6-2-3, 6-2-38(l) (two years); Colo. Rev. Stat. § 13-80-102(1)(a) (two years); Conn. Gen. Stat. § 42-110g(f) (three years); *HSBC Bank (Uruguay) S.A. v. Seaboard Corp.*, No. 21-cv-2435, 2022 WL 4447416, at *34 (D. Kan. Sept. 23, 2022) (three years); *Cain v. Midland Funding, LLC*, 256 A.3d 765, 785 (Md. 2021) (three years); Mass. Gen. Laws ch. 260, § 2A (three years); *Pytka v. Hannah LLP*, No. 011546, 2002 WL 31677458, at *5 (Mass. Sup. Ct. Oct. 30, 2002) (three years); *Ingrami v. Rovner*, 45 A.D.3d 806, 808 (N.Y. Sup. Ct. App. 2007) (three years); *Humana v. Ameritox*, 267 F. Supp. 3d 669, 676 (M.D.N.C. 2017) (three years); *Wellin v. Wellin*, No. 2:13-cv-1831, 2014 WL 234216, at *3 (D.S.C. Jan. 22, 2014) (three years); Wash. Rev. Code § 4.16.080; *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash.2d 824, 837-38 (2000) (three years); Va. Code § 8.01-248; *Mich. Mut. Ins. v. Smoot*, 183 F. Supp. 2d 806, 812 (E.D. Va. 2001) (two years); *Flatirons Bank v. Alan W. Steinberg Ltd. P'ship*, 233 So. 3d 1207, 1213, n. 11 (Fla. Dist. Ct. App. 2017) (four years).

17

DEFENDANTS AMGEN INC., ONYX PHARMACEUTICALS, INC., AND ONYX THERAPEUTICS, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Dated: August 17, 2023

SIDLEY AUSTIN LLP

By: <u>/s/ Sean A. Commons</u>
Alycia A. Degen
Sean A. Commons
555 W. 5th Street
Los Angeles, California 90013
(213) 896-6000
adegen@sidley.com
scommons@sidley.com

Christopher M. Assise (*pro hac vice* forthcoming)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7141
cassise@sidley.com

*Attorneys for Defendants Amgen Inc.,*
*Onyx Pharmaceuticals, Inc., and*
*Onyx Therapeutics, Inc.*

18