KRISTOPHER S. DAVIS (SBN 193452)
kristopher.davis@faegredrinker.com
ZOË K. WILHELM (SBN 305932)
zoë.wilhelm@faegredrinker.com
DAVID A. BELCHER (SBN 330166)
david.belcher@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone:  +1 310 203 4000
Facsimile:   +1 310 229 1285

JESSE A. WITTEN *(admitted Pro Hac Vice)*
Jesse.Witten@faegredrinker.com
ALISON M. AGNEW *(admitted Pro Hac Vice)*
Alison.Agnew@faegredrinker.com
NICKOLAS I. MERRILL *(admitted Pro Hac Vice)*
Nickolas.Merrill@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K St., N.W., Suite 1100
Washington, D.C. 20005
Telephone:+1 202 842 8800
Facsimile: +1 202 2305354

Attorneys for Defendant
PATIENT ACCESS NETWORK FOUNDATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMGEN INC.; ONYX PHARMACEUTICALS, INC.; ONYX THERAPEUTICS, INC.; PATIENT ACCESS NETWORK FOUNDATION; and CHRONIC DISEASE FUND, D/B/A GOOD DAYS,<br><br>Defendants. | Case No. 2:23-cv-03130-MEMF-PD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PATIENT ACCESS NETWORK FOUNDATION'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**<br><br>Date:       December 12, 2024<br>Time:      10:00 a.m.<br>Judge:    Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom: 8B<br><br>Complaint Filed: April 25, 2023<br>Amended Complaint Filed: August 14, 2024<br><br>*[Notice of Motion and Motion; Decl. of Scott Schlenoff; Decl. of Kristopher S. Davis; and [Proposed] Order, filed concurrently herewith]* |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......................................................................................... 5

II. BACKGROUND ........................................................................................... 5

    A. Procedural History .............................................................................. 5

    B. Factual Summary ................................................................................ 6

    C. The Court Declined to Dismiss Three State Consumer Fraud Claims Because of Plaintiffs' Continuing Violations Allegations. ...... 8

    D. PAN Has Made Diligent Efforts to Avoid the Need for this Motion. .............................................................................................. 9

III. LEGAL ARGUMENT .................................................................................. 10

    A. Plaintiffs' Allegations of Continuing Violations by PAN Violate Rule 11. ............................................................................................. 10

    B. Plaintiffs Have Also Violated Rule 11 by Not Withdrawing their Allegations Against PAN of Continuing Violations. ........................ 16

    C. The Court Should Impose Sanctions on Plaintiffs and Their Counsel. ............................................................................................. 16

IV. CONCLUSION ............................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**   Page(s)

*Avedisian v. Mercedes-Benz USA, LLC*,
  2014 WL 47466 (C.D. Cal. Jan. 2, 2014) ............................................................ 16

*Christian v. Mattel, Inc.*,
  286 F. 3d 1118 (9th Cir. 2002) ........................................................................... 10

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*,
  994 F. 3d 869 (7th Cir. 2021) ............................................................................. 15

*McGucken v. Triton Electric Vehicle LLC*,
  2022 WL 2101725 (C.D. Cal. March 21, 2022) ................................................. 12

*MSP Recovery Claims, Series LLC v. Actelion Pharms. US, Inc.*,
  No. 3:22-cv-07604 (N.D. Cal.) ........................................................................... 14

*MSP Recovery Claims Series, LLC v. Astellas Pharma US, Inc.*,
  No. 1:23-cv-01153 (D. D.C.) .............................................................................. 14

*MSP Recovery Claims, Series LLC v. Caring Voice Coal.*,
  No. 21-cv-21317 (S.D. Fla.) ............................................................................... 14

*MSP Recovery Claims, Series LLC v. Celgene Corp*,
  No. 2:21-cv-2045 (D. N.J.) ................................................................................. 13

*MSP Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*,
  2019 WL 4222654 (N.D. N.Y. Sept. 5, 2019) .................................................... 15

*MSP Recovery Claims, Series LLC v. Pfizer, Inc.*,
  No. 22-01419 (D.D.C.) ....................................................................................... 14

*Nguyen v. Simpson Strong-Tie Co., Inc.*,
  2020 WL 5232564 (N.D. Cal. Sept. 2, 2020) ..................................................... 16

*Series 21-12-1644 v. Novartis Pharms. Corp.*,
  No. 6:24-cv-01213 (M.D. Fla.) ........................................................................... 14

*SG Blocks, Inc. v. Hola Cmty. Partners*,
  2021 WL 2714596 (C.D. Cal. July 1, 2021) ....................................................... 16

*Smith v. Ricks*,
    31 F. 3d 1478 (9th Cir. 1994) .................................................................................. 11

*Truesdell v, Southern California Permanente Medical Group*,
    293 F. 3d 1146 (9th Cir. 2002) .................................................................................. 15

*UL LLC v. Space Chariot Inc.*,
    250 F. Supp. 3d 596 (C.D. Cal. 2017) ...................................................................... 12

*Virun, Inc. v. Cymbiotika, Inc.*,
    2022 WL 17371057 (C.D. Cal. Aug. 18, 2022) ........................................................ 12

**Statutes, Rules & Regulations**

Fed. R. Civ. P. 11 ................................................................................................*passim*

Fed. R. Civ. P. 11(b) ...................................................................................................... 16

Fed. R. Civ. P. 11(b)(3) ........................................................................................... 10, 11

Fed. R. Civ. P. 11(c)(1) .................................................................................................. 16

Fed. R. Civ. P. 11(c)(2) .................................................................................................. 16

Local Rule 7-3 ............................................................................................................ 9, 15

**Other Authorities**

Wayback Machine, available at https://web.archive.org ......................................... 12

## I. INTRODUCTION

Defendant Patient Access Network Foundation ("PAN")—a non-profit tax-exempt charity that assists low-income patients with obtaining medications prescribed by their physicians to treat life-threatening and chronic diseases—seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure due to the assertion of false factual allegations by Plaintiffs MSP Recovery Claims Series LLC ("MSP Recovery") and two of its affiliates (collectively "Plaintiffs"). As explained below, Plaintiffs violated Rule 11 by alleging "continuing violations" on the part of PAN without first having conducted a reasonable inquiry into whether the alleged misconduct has in fact been continuing. Furthermore, Plaintiffs continue to violate Rule 11 by failing to correct the false allegation of "continuing violations" even after learning that there is no basis for such an allegation.

Plaintiffs' Rule 11 violations have already impeded and threaten to continue to impede this Court's administration of justice. For example, PAN moved to dismiss three of Plaintiffs' state-law claims in the original Complaint on the grounds that they were barred by the applicable statutes of limitations. In its July 15, 2024 Order, the Court denied PAN's motion to dismiss solely on the basis of the "continuing violations" allegations that violated Rule 11. ECF 119 at 22-23. The same allegations appear in the Amended Complaint filed on August 14, 2024.

For reasons explained below, PAN respectfully requests that the Court grant this motion, strike Paragraphs 280 n. 96 and 307 of the Amended Complaint insofar as they apply to PAN, and award fees to PAN, including all costs and attorney's fees relating to this motion, the meet-and-confer efforts, and PAN's motion to dismiss the applicable state-law consumer fraud claims in the Amended Complaint.

## II. BACKGROUND

### A. Procedural History

In April 2023, MSP Recovery filed this action against Amgen, Inc. ("Amgen"), Onyx Pharmaceuticals, Inc., Onyx Therapeutics, Inc., PAN, and another charity,

Chronic Disease Fund, dba Good Days ("CDF").[1]  ECF 1 & 14-1.  After the Court granted in part and denied in part Defendants' motions to dismiss, Plaintiffs filed an Amended Complaint on August 14, 2024.  ECF 123.

**B.     Factual Summary**

PAN is a charity that operates multiple disease-specific assistance funds that help financially needy patients pay for copayments for drugs that their physicians have prescribed but which they cannot afford.  Am. Compl. ¶ 230 n. 86 & Ex. W at 2.  In the past, PAN operated an assistance fund for patients with a disease called Secondary Hyperparathyroidism ("SHPT").  Am. Compl. ¶ 194.  Amgen donated to PAN's SHPT fund.  *Id*.  Money donated by Amgen to the SHPT fund was used to assist SHPT patients afford copayments for the drug Sensipar, which Amgen manufactures.  *Id*.

The Office of Inspector General of the U.S. Department of Health and Human Services ("OIG") has repeatedly recognized that charitable copay assistance funded by pharmaceutical companies contributes to the nation's health care safety net.  *See* Am. Compl. Ex. K at 2 (stating that "pharmaceutical manufacturers can effectively contribute to the pharmaceutical safety net by making cash donations to independent, bona fide charitable assistance programs") & Ex. N at 4 (same).  Accordingly, the OIG has issued guidance outlining how pharmaceutical companies can permissibly donate to copay assistance foundations, like PAN, which can then use the donated funds to help low-income patients afford copayments for their drugs—including drugs manufactured by the donor pharmaceutical company.  *See* Am. Compl. Exs. K, N.  The OIG has also issued an advisory opinion to PAN to enable it to operate copay assistance disease funds using donations from pharmaceutical companies.  *See* Am.

---

[1] MSP Recovery is a serial litigant that is in the business of acquiring blanket assignments of claims from health care entities and then filing lawsuits.  According to a PACER search, MSP Recovery and its affiliates have filed more than 300 cases since January 2019.

Compl. Ex. W.

Plaintiffs allege that PAN and Amgen did not follow OIG guidance in connection with that the SHPT fund's assistance to patients taking Sensipar.[2] Am. Compl. ¶¶ 240–241. Plaintiffs take their allegations from an April 2019 settlement agreement that Amgen entered into with the Department of Justice ("DOJ") and a separate October 2019 settlement agreement between PAN and the DOJ. Am. Compl. ¶¶ 31, 186-98, 248; Exs. A, AA; Davis Decl. Ex. B. The Amgen settlement agreement alleged wrongdoing in connection with Sensipar only "through May 31, 2014"—more than *five years* before Amgen's DOJ settlement and almost *nine years* before Plaintiffs filed suit in April 2023. Am. Compl. Ex. A at 2. Likewise, PAN's settlement agreement alleged conduct on the part of PAN only "until June 2014." Davis Decl. Ex. B at 3. The settlement agreements do not suggest any wrongdoing regarding the SHPT fund or Sensipar after May 2014. To the contrary, PAN's settlement agreement refers to "corrective actions" that it had taken. *Id*. Ex. B at 8.

Despite the fact that the settlement agreements alleged that wrongdoing occurred only through May 2014 and that PAN engaged in "corrective actions," Plaintiffs allege that PAN's wrongful conduct is continuing:

- "Upon information and belief, Plaintiffs allege the Scheme started before October 1, 2011, **and has continued to present day**, despite the Amgen Settlement limited timeframe . . . ." (Am. Compl. ¶ 280 n. 96 (emphasis added); *see also* Compl. ¶ 274 n. 95); and

- "The Complaint alleges *a **continuing course of conduct***, and Defendants' unlawful conduct has inflicted continuing and accumulating harm. Defendants' unlawful conduct and the accumulating harm to the Assignors did not end alongside the DOJ Settlement Agreements. Accordingly, Plaintiffs can recover

---

[2] Plaintiffs also allege that CDF and Amgen did not follow OIG guidance with respect CDF's fund for multiple myeloma and that fund's support for patients taking the drug Kyprolis. Am. Compl. ¶¶ 10, 199-211. These allegations do not pertain to PAN.

for damages that they suffered during any applicable limitations period." (Am. Compl. ¶ 307 (emphasis added); *see also* Compl. ¶ 301).[3]

Even setting aside the plain language of the settlement agreements upon which Plaintiffs base their claims, the allegations of continuing violations are indisputably false. Amgen's last donation to PAN's SHPT fund occurred in December 2016. Schlenoff Decl. ¶ 2. And PAN last paid a claim for Sensipar in August 2017, more than 5½ years before this lawsuit was filed. *Id.* ¶ 3.

Moreover, as discussed further below, a reasonable pre-suit investigation would have revealed that there was no basis to allege continuing violations on the part of PAN. As noted, the 2019 settlement agreements state that the alleged misconduct regarding the SHPT fund lasted only through May 2014. In addition, at all relevant times, PAN's website disclosed that it ceased operating an assistance fund for SHPT for many years prior to the filing of this lawsuit. Schlenoff Decl. ¶ 12, Exs. A-G; Davis Decl. Exs. C-H.

## C. The Court Declined to Dismiss Three State Consumer Fraud Claims Because of Plaintiffs' Continuing Violations Allegations.

Plaintiffs' false allegations of continuing violations have already undermined these proceedings. In its July 15, 2024 Order on PAN's motion to dismiss the original Complaint, the Court found that three state-law claims would be time-barred, but for the allegations of continuing violations:

> "Although, on its face, this timeline would result in any claim with a statute of limitations less than five years being time-barred, MSP further alleges that the continuing violations doctrine is applicable to its claims. Compl. ¶ 301 (alleging that "Defendants' unlawful conduct and the accumulating harm to the Assignors did not end alongside the DOJ

---

[3] The Amended Complaint refers to all defendants, including PAN, collectively as "Defendants."

Settlement Agreements."). At this stage, the Court finds that this allegation suffices, as determining whether the continuing violation doctrine applies is a *factual inquiry* and the Court declines to make such an inquiry at the motion to dismiss stage. . . . The Court thus DENIES the Defendants' motions to dismiss on this ground."

ECF No. 119 at 23–24.

### D. **PAN Has Made Diligent Efforts to Avoid the Need for this Motion.**

On August 22, counsel for PAN wrote to Plaintiffs' counsel to express concern that Plaintiffs' continuing violations allegations in the Amended Complaint (as in the original Complaint) do not comply with Rule 11. Davis Decl. Ex. A. Among other things, the letter informed Plaintiffs' counsel that:

- PAN last received a donation from Amgen for its SHPT fund in December 2016. *Id.*;
- the last date on which PAN paid a claim for Sensipar was more than four years before this action was filed.[4] *Id*; and
- PAN is willing to provide a declaration confirming the last date on which it paid a claim for Sensipar if Plaintiffs would withdraw their continuing violations allegations from the Amended Complaint. *Id.*

Plaintiffs never requested the offered declaration from PAN and, to date, PAN has not received a written response to its letter. Davis Decl. ¶ 4. Thereafter, on August 28, 2024 and pursuant to Local Rule 7-3, counsel for PAN remotely met and conferred with Plaintiffs' counsel about the continuing violations allegations against PAN in a further effort to avoid this motion. Davis Decl. ¶ 5. During the call, counsel

---

[4] PAN's pre-motion letter stated that the last date on which PAN paid a claim for Sensipar was in March 2018. During the parties' meet-and-confer on August 28, 2024, counsel for PAN orally corrected that statement and informed counsel for Plaintiffs that the last date on which PAN paid a claim for Sensipar occurred in August 2017.

for PAN further elaborated on Plaintiffs' apparent failure to conduct the required pre-Complaint factual inquiry. Davis Decl. ¶ 6. Indeed, PAN's counsel advised that, because PAN has not paid a claim for Sensipar since August 2017, it is impossible for PAN to have engaged in continuing violations. *Id.* Counsel for Plaintiffs did not articulate a factual basis for Paragraphs 280 and 307 of the Amended Complaint and declined to describe any investigation they conducted to support those allegations. Davis Decl. ¶ 7. Plaintiffs' counsel also confirmed they would not withdraw the allegations of continuing violations in the Amended Complaint. *Id.*

### III.   LEGAL ARGUMENT

#### A.   Plaintiffs' Allegations of Continuing Violations by PAN Violate Rule 11.

The Court should impose sanctions on Plaintiffs and Plaintiffs' counsel because the allegations of "continuing violations" by PAN are objectively baseless and Plaintiffs failed to conduct a reasonable inquiry before making them. Am. Compl. ¶¶ 280 n. 96 & 307.

While merely alleging facts that turn out not to be true does not violate Rule 11, the failure to conduct a "reasonable factual investigation" before making a factual allegation does. *Christian v. Mattel, Inc.*, 286 F. 3d 1118, 1127 (9th Cir. 2002). Under Rule 11, when an attorney presents a pleading to the Court, the attorney is certifying that "to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Sanctions are warranted if (1) "the complaint is legally or factually baseless from an objective perspective," and (2) the attorney failed to conduct "a reasonable and competent inquiry before signing and filing [the complaint]." *Id.* (citation and internal quotation marks omitted). The standard to determine whether Rule 11 has been violated is objective reasonableness, or "reasonableness under the circumstances." Advisory Committee Notes to Fed. R. Civ. P. 11. A finding of

10

subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F. 3d 1478, 1488 (9th Cir. 1994) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.").

Here, the allegation that PAN's purported misconduct is ongoing or continuous is "factually baseless." *See*, *e.g.*, Am. Compl. ¶ 280 n. 96 (alleging that the "Scheme" "has continued to present day") & 307 (alleging a "continuing course of conduct"). As noted above, the last date on which PAN received a donation from Amgen for its SHPT fund was December 2016. Schlenoff Decl. ¶ 2. And the last time PAN made a payment to assist a patient to obtain Sensipar was in August 2017. *Id.* at ¶ 3. Since PAN last paid a claim for Sensipar more than 5½ years before this action was filed, PAN could not have engaged in continuing wrongdoing.

Furthermore, Plaintiffs and their counsel did not conduct an investigation that was "reasonable under the circumstances" to justify their continuing-violations allegations against PAN:

*First*, as noted above, Amgen's settlement agreement alleges wrongdoing as to the SHPT fund only "through May 31, 2014" and PAN's settlement agreement likewise alleges wrongdoing only "until June 2014." PAN's settlement agreement further recognizes PAN's corrective actions to remedy any alleged misconduct. Am. Compl. Ex. A at 2; Davis Decl. Ex. B at 3, 8. Furthermore, these settlement agreements were entered into in 2019. It is not plausible that the DOJ would have overlooked wrongdoing that occurred after 2014 in an investigation that it settled in 2019. The content and timing of the Amgen and PAN settlement agreements created "circumstances" that required Plaintiffs to conscientiously investigate before they could appropriately allege continuing violations. Fed. R. Civ. P. 11(b)(3).

*Second*, at all relevant times, there was ample evidence readily available on PAN's website that it ceased providing support to SHPT patients by 2018. Since at least 2017, PAN has posted its audited financial statements on its website, and those statements identify the assistance programs that PAN operates. Schlenoff Decl. ¶ 4.

PAN's audited financial statement for 2017 shows that, in 2017, PAN operated a copay assistance program for SHPT (among dozens of other diseases). Schlenoff Decl. Ex. A at 11. By contrast, PAN's later audited financial statements for each year 2018 through 2023 show that PAN did not operate an assistance program for SHPT, even as dozens of other assistance programs are listed. Schlenoff Decl. Ex. B at 13; Ex. C at 13; Ex. D at 12; Ex. E at 13; Ex. F at 13; and Ex. G at 12. PAN posts its audited financial statements to its website shortly after the statements are completed. Schlenoff Decl. ¶ 12. Thus, well before the April 2023 filing of this action, PAN's audited financial statements for 2017 through 2021 were available on PAN's website. *Id*. ¶¶ 13–14. And as of the August 2024 filing of the Amended Complaint, PAN's audited financial statements for 2017 through 2023 were available on PAN's website. *Id*. ¶ 15.

*Third*, since at least 2015, PAN's website provides a list of diseases for which PAN offers a copay assistance fund. Schlenoff Decl. ¶ 16. Information from the Internet Archive's Wayback Machine reveals that as of August 27, 2018, the SHPT fund was included in the list of disease funds on PAN's website, but that the SHPT fund was removed from the website's list by July 19, 2019 and has not been included on the website list of assistance funds thereafter.[5] Davis Decl. Exs. C–H.

Thus, when Plaintiffs and their counsel were drafting their Complaint and

---

[5] The Wayback Machine is a "a service that allows people to visit archived versions of Web sites. Visitors to the Wayback Machine can type in a URL, select a date range, and then begin surfing on an archived version of the Web." *Virun, Inc. v. Cymbiotika, Inc.*, 2022 WL 17371057 at *3 n. 3 (C.D. Cal. Aug. 18, 2022). It is available at https://web.archive.org. Courts within the Central District have taken judicial notice of archived pages obtained through the Wayback Machine because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n. 3 (C.D. Cal. 2017); *McGucken v. Triton Elec. Vehicle LLC*, 2022 WL 2101725 at *3 (C.D. Cal. March 21, 2022) (holding, "The Court takes judicial notice of the archived Triton webpages because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'").

Amended Complaints, they could easily have determined that after 2017, PAN's audited financial statements no longer included the SHPT fund as among PAN's assistance programs. Schlenoff Decl. Exs. A–G. And basic queries of the Internet Archive's Wayback Machine would have revealed that the SHPT fund was removed from PAN's website sometime between August 27, 2018 and July 19, 2019. Davis Decl. Exs. C–D. It is clear that Plaintiffs or their counsel reviewed PAN's website since they pulled eight years of tax returns from PAN's website to use as exhibits to their complaints. *See* Compl. Ex. L; Am. Compl. Ex. S. While on PAN's website to harvest information for their pleadings, Plaintiffs' counsel should and easily could have investigated the timing of the SHPT assistance program and would have learned that it ceased many years ago.

*Fourth*, Plaintiffs or their counsel could have contacted the DOJ to ask why the DOJ alleged conduct only through May 2014 and/or whether the DOJ believes there is a basis to allege continuing wrongdoing. Plaintiffs apparently did not do so.

*Fifth*, before filing suit, Plaintiffs or their counsel could have asked their assignors whether they had any information that PAN was continuing to operate an SHPT fund and/or provide assistance to patients taking Sensipar.

A further indication that Plaintiffs and their counsel did not undertake a reasonable investigation is Plaintiffs' course of conduct in at least six other cases that they filed alleging unlawful copay assistance. As shown in the chart below, in these other cases, Plaintiffs inserted nearly identical allegations of "continuing violations." Davis Decl. Exs. I–N.

| Case | Citation | Allegation of Continuing Violations |
|---|---|---|
| *MSP Recovery Claims, Series LLC v. Celgene Corp*, No. 2:21-cv-2045 (D.N.J.) | Davis Decl. Ex. I at ¶ 574. | "This amended complaint alleges a continuing course of conduct (including conduct within the limitations periods), and Defendants' unlawful conduct has inflicted continuing and accumulating harm within the applicable statutes of limitations. Thus, Plaintiffs can recover for damages that they suffered during any applicable limitations period." |
| *MSP Recovery* | Davis | "The Complaint alleges a continuing course of |

| | | |
|---|---|---|
| *Claims Series, LLC v. Astellas Pharma US, Inc.*, No. 1:23-cv-01153 (D. D.C.) | Decl. Ex. J at ¶ 237. | conduct, and Defendants' unlawful conduct has inflicted continuing and accumulating harm. Defendants' unlawful conduct and the accumulating harm to the Assignors did not end alongside the DOJ Settlement Agreements. Accordingly, Plaintiff can recover damages that it suffered during any applicable limitations period." |
| *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, No. 22-01419 (D. D.C.). | Davis Decl. Ex. K at ¶ 345 | "The Complaint alleges a continuing course of conduct, and Defendants' unlawful conduct has inflicted continuing and accumulating harm. Defendants' unlawful conduct did not end alongside the DOJ Settlement Agreements. Accordingly, Plaintiffs can recover damages that they suffered during any applicable limitations period." |
| *MSP Recovery Claims, Series LLC v. Actelion Pharms. US, Inc.*, No. 3:22-cv-07604 (N.D. Cal.) | Davis Decl. Ex. L at ¶ 229 | "The Complaint alleges a continuing course of conduct, and Defendants' unlawful conduct has inflicted continuing and accumulating harm. Defendants' unlawful conduct and the accumulating harm to the Assignors did not end alongside the DOJ Settlement Agreements. Accordingly, Plaintiffs can recover for damages that they suffered during any applicable limitations period." |
| *Series 21-12-1644 v. Novartis Pharms. Corp.*, No. 6:24-cv-01213 (M.D. Fla.) | Davis Decl. Ex. M at ¶ 341 | "The Complaint alleges a continuing course of conduct, and Defendants' unlawful conduct has inflicted continuing and accumulating harm. Defendants' unlawful conduct and the accumulating harm to the Assignors did not end alongside the DOJ Settlement Agreements. Accordingly, Plaintiffs can recover for damages that they suffered during any applicable limitations period." |
| *MSP Recovery Claims, Series LLC v. Caring Voice Coal.*, No. 21-cv-21317 (S.D. Fla.) | Davis Decl. Ex. N at ¶ 527 | "This Complaint alleges a continuing course of conduct (including conduct within the limitations periods), and Defendants' unlawful conduct has inflicted continuing and accumulating harm within the applicable statutes of limitations. Thus, Plaintiffs can recover for damages that they suffered during any applicable limitations period." |

The recycling of nearly identical allegations in multiple complaints demonstrates that the allegations are mere boilerplate, rather than the product of the reasonable investigation that Rule 11 requires.

As other courts have noted with dismay, this would not be Plaintiffs' first time failing to conduct a proper investigation before making factual allegations in a complaint. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994

F. 3d 869, 878 (7th Cir. 2021) (stating that litigation conduct of Plaintiffs' affiliates left the "unmistakable impression" that they "pull the litigation trigger before doing their homework"); *MSP Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*, 2019 WL 4222654, at *6, 7 (N.D.N.Y. Sept. 5, 2019) (observing, "Plaintiffs' strategy, it appears, is to throw their allegations into as many federal courts as possible and see what sticks" and remarking that "Plaintiffs' history of untruthfulness is well-documented").

Although Plaintiffs declined to describe during the Rule 7-3 meet-and-confer the basis for their continuing violations allegations, it appears that they may be relying on the "2021 Drug Pricing Investigation Report" prepared by a Committee of the U.S. House of Representatives. Am. Compl. ¶ 280 n. 96. That report cites a single example of another pharmaceutical company, Teva, that made donations to another copay assistance foundation, The Assistance Fund, beyond the timeframe alleged in a civil suit brought by the DOJ. Am. Compl. Ex. M at 156. This passage makes no mention of PAN or Amgen, let alone the SHPT fund or Sensipar (nor does the Congressional Report even assert that Teva's later payments deviated from the OIG guidance or was unlawful). Citing this passage in the House Report does not fulfill the duty to conduct a reasonable investigation before alleging that *PAN* was engaged in continuing violations in connection with its SHPT fund.[6]

For these reasons, Plaintiffs and their counsel have violated Rule 11 by alleging in Paragraphs 280 n. 96 and 307 continuing violations as to PAN.

---

[6] The fact that the allegations in Paragraph 280 n. 96 are alleged "upon information and belief" does not excuse Plaintiffs' violation of Rule 11. *See Truesdell v. Southern California Permanente Medical Group*, 293 F. 3d 1146, 1153–54 (9th Cir. 2002) (affirming sanctions under Rule 11 as a result of allegations made upon information and belief).

**B.   Plaintiffs Have Also Violated Rule 11 by Not Withdrawing their Allegations Against PAN of Continuing Violations.**

The Court should additionally grant PAN's motion because Plaintiffs and their counsel have violated Rule 11 by continuing to maintain their allegations of a continuing violation *even after* learning from PAN's counsel that Amgen did not donate to PAN's SHPT fund after December 2016 and that PAN has not paid a claim for Sensipar since August 2017. Rule 11 imposes a continuing duty on litigants to maintain only positions that have factual support or are likely to have factual support after a reasonable investigation. *Avedisian v. Mercedes-Benz USA, LLC*, 2014 WL 47466, at *4 (C.D. Cal. Jan. 2, 2014) ("Rule 11 also subjects litigants to sanctions for insisting upon a position after it is no longer tenable"); *SG Blocks, Inc. v. Hola Cmty. Partners*, 2021 WL 2714596, at *2 (C.D. Cal. July 1, 2021) (holding, "it is clear that Rule 11 does impose a continuing duty now."); *Nguyen v. Simpson Strong-Tie Co., Inc.*, 2020 WL 5232564, at *5 (N.D. Cal. Sept. 2, 2020) (holding, "Plaintiffs' refusal to withdraw or meaningfully amend these allegations, which were core to its FAC, was a violation of Rule 11").

Plaintiffs' failure to withdraw the allegations of continuing violations is itself a Rule 11 violation separate and apart from including the allegations in the Amended Complaint in the first place.

**C.   The Court Should Impose Sanctions on Plaintiffs and Their Counsel.**

If the Court finds "after notice and a reasonable opportunity to respond," that Rule 11(b) has been violated, it may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). Allowable sanctions include the payment to the moving party of "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

Here, "appropriate sanctions" for Plaintiffs' continued assertion of baseless allegations of a continuing violation by PAN include: (a) striking Paragraphs 280 n.

16

96 and 307 of the Amended Complaint as they apply to PAN; (b) awarding attorneys' fees associated with this motion (including the pre-motion correspondence and conferences); and (c) awarding attorneys' fees associated with moving to dismiss the Connecticut, Florida, and New York consumer fraud claims in the Amended Complaint. The requested relief will deter Plaintiffs from violating Rule 11 in the future and is especially appropriate in light of the fact the Court would have already dismissed Plaintiffs' state law consumer fraud claims but for the improper allegations of a continuing violation. ECF No. 119 at 23–24. Counsel for PAN will provide an application for fees in the event that the Court grants an award of fees.

## IV. CONCLUSION

For the foregoing reasons, PAN respectfully requests that the Court grant this Motion for Rule 11 sanctions and issue an Order: (a) striking Paragraphs 280 n. 96 and 307 of the Amended Complaint as they apply to PAN; (b) awarding attorneys' fees associated with this motion; and (c) awarding attorneys' fees associated with moving to dismiss the Connecticut, Florida, and New York consumer fraud claims in the Amended Complaint.

Dated:  September 10, 2024            Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: _____
Kristopher S. Davis
Zoë K. Wilhelm
David A. Belcher
Jesse A. Witten *(admitted Pro Hac Vice)*
Alison M. Agnew *(admitted Pro Hac Vice)*
Nickolas I. Merrill *(admitted Pro Hac Vice)*

Attorneys for Defendant
PATIENT ACCESS NETWORK FOUNDATION

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Faegre Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On **September 10, 2024**, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PATIENT ACCESS NETWORK FOUNDATION'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

____ **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

_X_ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_X_ **By E-MAIL OR ELECTRONIC TRANSMISSION**

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 10, 2024**, at Los Angeles, California.

*S Teekah*
Shanta Teekah

# SERVICE LIST

| | |
|---|---|
| Alex R. Straus, Esq.<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC<br>280 South Beverly Drive<br>Beverly Hills, CA 90212<br>Tel:   (866) 252-0878<br>Fax:   (865) 522-0049<br>E-Mail: astraus@milberg.com<br><br>Adam S. Akeel, Esq.<br>Daniel W. Cermak, Esq.<br>Emad R. Hamadeh, Esq.<br>Hayden E. Pendergrass, Esq.<br>Samuel R. Simkins, Esq.<br>Shereef H. Akeel, Esq.<br>AKEEL AND VALENTINE, PLC<br>888 Big Beaver Road Suite 350<br>Troy, MI 48084<br>Tel:   (248) 269-9595<br>Fax:   (248) 269-9119<br>E-Mail:  adam@akeelvalentine.com;<br>daniel@akeelvalentine.com;<br>emad@akeelvalentine.com;<br>hayden@akeelvalentine.com;<br>sam@akeelvalentine.com;<br>shereef@akeelvalentine.com<br><br>Aida M. Landa, Esq.<br>John W. Cleary, Esq.<br>MSP RECOVERY LAW FIRM<br>2701 South Lejeune Road, 10th Floor<br>Miami, FL 33134<br>Tel:   (305) 614-2222<br>E-Mail: alanda@msprecoverylawfirm.com;<br>jcleary@msprecoverylawfirm.com | Attorneys for Plaintiffs<br>MSP RECOVERY CLAIMS, SERIES LLC, MSPA CLAIMS 1, LLC, and MSP RECOVERY CLAIMS PROV, SERIES, LLC |

| | |
|---|---|
| Christopher M. Assise, Esq.<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>Tel:   (312) 853-7000<br>Fax:   (312) 853-7036<br>E-Mail: cassise@sidley.com<br><br>Sean A. Commons, Esq.<br>SIDLEY AUSTIN LLP<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel:   (213) 896-6000<br>E-Mail: scommons@sidley.com | Attorneys for Defendants<br>AMGEN INC., ONYX<br>PHARMACEUTICALS, INC., and<br>ONYX THERAPEUTICS, INC. |
| Alexander Kaplan, Esq.<br>Marc R. Greenberg, Esq.<br>Mollie Fleming Benedict, Esq.<br>TUCKER ELLIS LLP<br>515 South Flower Street, 42nd Floor<br>Los Angeles, CA 90071<br>Tel:   (213) 430-3400<br>Fax:   (213) 430-3409<br>E-Mail: alexander.kaplan@tuckerellis.com;<br>marc.greenberg@tuckerellis.com;<br>mollie.benedict@tuckerellis.com<br><br>Daniel L. Adamson, Esq.<br>Joshua J. Gayfield. Esq.<br>Megan J. McGinnis, Esq.<br>MILES AND STOCKBRIDGE PC<br>100 Light Street<br>Baltimore, MD 21202<br>Tel:   (410) 727-6464<br>Fax:   (410) 385-3734<br>E-Mail: dadamson@milesstockbridge.com;<br>jgayfield@milesstockbridge.com;<br>mmcginnis@milesstockbridge.com | Attorneys for Defendant<br>CHRONIC DISEASE FUND, INC.<br>doing business as GOOD DAYS |