# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company, MSPA CLAIMS 1, LLC; and MSP RECOVERY CLAIMS PROV, SERIES LLC,

        Plaintiffs,

        v.

AMGEN INC.; ONYX PHARMACEUTICALS, INC.; ONYX THERAPEUTICS, INC.; PATIENT ACCESS NETWORK FOUNDATION; and CHRONIC DISEASE FUND, D/B/A GOOD DAYS,

        Defendants.

Case No.: 2:23-cv-03130-MEMF-PD

Assigned To: Hon. Maame Ewusi-Mensah Frimpong

Magistrate: Hon. Patricia Donahue

**STIPULATED PROTECTIVE ORDER**

1.      INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information, as well as record, logs, and data covered by the Privacy Act, 5 U.S.C. § 552a, the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d, *et seq.*, the Public Health Service Act (PHSA), 42 U.S.C. § 290dd-2, *et seq.*, other federal or state privacy protections, and applicable regulations, including 45 C.F.R. §164.512(e)(1), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

    This Action is likely to involve trade secrets, development, commercial, financial, technical and/or proprietary information, as well as protected health information (as set forth in 45 C.F.R. §164.512(e)(1)), medical records or other records, data, and logs covered by the Privacy Act, 5 U.S.C. § 552a (HIPAA), 42 U.S.C. § l320d, *et seq*. (PHSA), 42 U.S.C. §290dd-2, *et seq.*, and other federal or state privacy protections, including applicable regulations, for which special protection from public disclosure and from use for any purpose other than prosecution of this

1

STIPULATED PROTECTIVE ORDER

Action is warranted.  Such confidential and proprietary materials and information consist of, among other things, health care billing and medical records required by law to be maintained confidentially, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential as well as other information that the Parties, the Court and its personnel, as well as anyone involved else in this action who would handle or interact with those materials, are required by law to protect, regardless of source, and that would otherwise be illegal to disclose, exchange, or produce, to ensure that—in conformity with 45 C.F.R. §164.512(e)(1)—satisfactory assurances are provided for the production, generation, exchange and/or disclosure of "protected health information" and other Protected Material, to ensure that a qualified protective order pursuant to 45 C.F.R. §164.512(e)(1) has been requested in this Action, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information shall not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

The following definitions apply for purposes of this Order:

2.1   Action: the above-captioned pending federal lawsuit

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, or that are deemed protected as a matter of law under 5 U.S.C. §552a (Privacy Act), 42 U.S.C. §1320d, *et seq*. (HIPAA) and 42 U.S.C. §290dd-2, *et seq*. (PHSA), or any other similar and applicable federal or state laws, rules or regulations and controlling authority of the Ninth Circuit. Reference to the good cause statement herein is not meant to narrow the scope of information that can be designated under the protective order but is, instead, used to make certain that the information referenced in the good cause statement is specifically included.

2.4   Counsel:  Outside Counsel of Record and In-House Counsel (as well as their employees and support staff).

2.5   Designating Party:  a Party or Non-Party that designates documents, information, or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material:  all documents, items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories and/or requests for admission, informal exchanges of information, and tangible things), that are produced or generated in connection with any disclosures or responses to discovery in this Action, whether formally or informally.

2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness, technical advisor, or as a consultant in this Action (as well as his or her

employees and support staff).

2.8    In-House Counsel:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party or counsel to this Action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, providing graphic support services, coding, translating, hosting or reviewing documents, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or that is protected as a matter of law by  U.S.C. § 552a (Privacy Act), 42 U.S.C. § 1320d, et seq. (HIPAA),and 42 U.S.C. §290dd-2, et seq (PHSA), or any other similar and applicable federal or state laws, rules or regulations and controlling authority of the Ninth Circuit, or which would otherwise be illegal to produce or generate in connection with any disclosure or responses to discovery in this Action, whether formally or informally.

4

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, translations or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony, conversations, or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  For medical records, health care billing records, data and information, and for records, data, or logs covered by the Privacy Act, 5 U.S.C. § 552a (HIPAA), 42 U.S.C. § l320d, *et seq*. (PHSA), 42 U.S.C. §290dd-2, *et seq*., an exception can be made to designate the entire document "CONFIDENTIAL."  This exception is warranted because such documents either consist of and/or inevitably

have protected health information and Protected Material on nearly every page, or are so intermingled with protected health information and Protected Material that attempting to isolate each unit of readable data would be legally precarious, burdensome, risky, and inefficient, wherein requiring each page or unit of data to be labeled "CONFIDENTIAL" would be legally precarious, burdensome, risky, and inefficient.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony or do so within 30 days of receipt of the transcript of the proceeding, with the testimony and transcript treated as CONFIDENTIAL until such time. The Designating Party may request of a court reporter that transcript pages containing Confidential Information be separately bound with the CONFIDENTIAL legend affixed to the relevant pages.

(c)  for documents produced in native format, documents and things that are protected health information as used in 45 C.F.R. §164.512(e)(1) or protected by 5 U.S.C. § 552a (HIPAA), 42 U.S.C. § l320d, *et seq.* (PHSA), 42 U.S.C. §290dd-2, *et seq.*, the Producing Party may affix in a prominent place on the exterior of the container or containers, and/or diskettes or drives, in which the information is stored,

or set forth in the title and body of the electronic medium or communication in which it is transmitted, the legend "CONFIDENTIAL," while for items that are not subject to the protections of 45 C.F.R. §164.512(e)(1), or of 5 U.S.C. § 552a (HIPAA), 42 U.S.C. § l320d, *et seq*. (PHSA), 42 U.S.C. §290dd-2, *et seq*., the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall further elaborate and then, at that time, govern the form and method for marking such documents as Confidential. In the interim, the Producing Party may affix in a prominent place on the exterior of the container or containers, and/or diskettes or drives, in which the information is stored, or set forth in the title and body of the electronic medium or communication in which it is transmitted, the legend "CONFIDENTIAL." If only a portion or portions of the document warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)  for tangible items, the CONFIDENTIAL legend shall be marked on the face of the tangible item or the container in which the information and item is stored. If only a portion or portions of the item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material and such materials shall be treated as Confidential upon written notice by the Producing Party. The Producing Party shall timely re-produce the information or items with the

appropriate designations (and, if applicable, using the same Bates number as the original production).  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to return all copies of the information or items produced without designation and assure that the material is treated in accordance with the provisions of this Order.

5.4    Pursuant to Fed. R. Evid. 502(d), the production of a privileged and protected document (i.e. by means of the attorney-client privilege, work product doctrine, common-interest doctrine or other) does not waive privilege or protection from discovery in this case or in any other federal or state proceeding.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2 unless the Designating Party agrees to remove the designation(s) at some point during their compliance with Local Rule 37-2.

6.3    Judicial Intervention.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court orders otherwise.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is

STIPULATED PROTECTIVE ORDER

disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party or the Receiving Party's Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties may appear in this Action;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(h)  special masters or discovery referees appointed by the Court;

(i)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they shall not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k)  any other person to whom the Designating Party, in writing, authorizes disclosure and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3    Access and Use of Protected Health Information.  Pursuant to 45 C.F.R. §164.512(e)(1) and for purposes of compliance with HIPAA, the Parties' Counsel in this matter, the employees and agents of each Party, and all nonparty Covered Entities (as such term is defined in 45 C.F.R. § 160.103) are expressly and specifically authorized to use or disclose protected health information (as set forth in 45 C.F.R. § 164.512(e)(1)), to Qualified Persons in accordance with this Order to:

(a)  Respond to subpoenas, interrogatories, requests for admission, or requests for production of documents, including electronically stored information ("ESI"), served in this case seeking, implicating, or otherwise requiring the disclosure of protected health information;

(b)  Request interviews or depositions and interview, depose, or respond in

interviews or depositions in which protected health information might be disclosed;

(c)  Prepare briefs and/or any other materials to present or submit to the Court; and

(d)  Otherwise prepare this matter for trial.

Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with HIPAA, each deponent noticed for deposition in this case, including but not limited to a Party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the Parties and/or their Counsel in this case, including their respective employees and agents, the protected health information that is responsive to deposition questions, discovery requests, and/or a subpoena.

To the extent that protected health information or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the protected health information or information contained therein. However, the filing or presentation to the Court of any such protected health information under seal shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules, and/or any Standing Orders by the Court.

Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all protected health information, as set forth in 45 C.F.R. § 164.512(e)(1), as per this Order, shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.Any person or entity identified in Section 7.2, *supra*, shall not under any circumstances sell, offer for sale, advertise, or publicize protected health information.

STIPULATED PROTECTIVE ORDER

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or protected by 45 C.F.R. §164.512(e)(1), especially subparts (i) through (v) thereof, wherein this Order serves as a qualified protective order pursuant to 45 C.F.R. §164.512(e)(1), particularly

subpart (v) thereof.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this Court within 14 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d), this Protective Order—not Federal Rule of Evidence 502(b)—controls the inadvertent or mistaken disclosure of information covered by the attorney-client privilege or work-product protection.  If information subject to a claim of attorney-client privilege or work product protection or any other privilege, protection, or immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver (subject matter or otherwise) of, or estoppel as to, any claim of privilege, protection, or immunity for such information as provided under applicable law, including Federal Rule of Evidence 502, regardless of the reasonableness of the Producing Party's inadvertent or mistaken production.  If a Producing Party has inadvertently or mistakenly produced information that is subject to a claim of immunity, protection or privilege, and if the Producing Party makes a written request for the return of such information, the information for which a claim of inadvertent production is made, as well as all copies, shall be returned immediately unless the Receiving Party disputes the claim of privilege, protection, or immunity.  Likewise, any analyses, memoranda, or notes that were internally generated based upon such inadvertently produced information must be destroyed upon receipt of such a written request from the Producing Party, unless the Receiving Party disputes the claim of privilege, protection, or immunity.  The Producing Party will promptly include information

explaining the asserted privilege, protection, or immunity on a privilege log.  If the Receiving Party disputes the Producing Party's assertion of privilege, protection, or immunity on any information, the Receiving Party must sequester the information and may not use it for any purpose until the Court rules on the applicability of privilege, protection, or immunity to that information.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Any Party, entity, or person covered by this Order may at any time apply to the Court for relief from any provision of this Order.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 calendar days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (including all emails attaching or referring to Protected Materials), even if such materials contain Protected Material.  Any such archival copies that contain or reflect the content of or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Regardless of anything to the contrary in this Order, pursuant to 45 C.F.R. §164.512(e)(1)(v), this Order:

(a)  Prohibits the Parties from using or disclosing protected health information, as that term is used in 45 C.F.R. §164.512(e)(1), for any purpose other than the litigation or proceeding for which such information was requested; and

(b)  Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

14.    Any willful violation of this order may be punished by civil or criminal contempt proceedings, monetary, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 17, 2026                    MSP RECOVERY LAW FIRM

By:  */s/ Janpaul Portal*
Janpaul Portal (*pro hac vice*)
3525 N.W. 7th Street
Miami, FL 33125
Tel: (305) 614-2222
jportal@msprecoverylawfirm.com
serve@msprecoverylawfirm.com

William B. DeClercq (SBN 240538)
DECLERCQ LAW PC
2000 Riverside Drive
Los Angeles, CA 90039
william@declercqlaw.com

*Attorneys for Plaintiffs*

Dated: April 17, 2026                    SIDLEY AUSTIN LLP

By:  */s/ Sean A. Common*
Sean A. Commons (SBN 217603)
350 South Grand Avenue
Los Angeles, California 90071
Tel: (213) 896-6000
scommons@sidley.com

Christopher M. Assise (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7141
cassise@sidley.com

*Attorneys for Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., Onyx Therapeutics, Inc.*

18

STIPULATED PROTECTIVE ORDER

Dated: April 17, 2026                MILES and STOCKBRIDGE PC

                                     By: */s/ Megan J. McGinnis*
                                     Daniel L. Adamson (*pro hac vice*)
                                     Joshua J. Gayfield (*pro hac vice*)
                                     Megan J. McGinnis (*pro hac vice*)
                                     100 Light Street
                                     Baltimore, MD 21202
                                     Tel: (410) 727-6464
                                     dadamson@milesstockbridge.com
                                     jgayfield@milesstockbridge.com
                                     mmcginnis@milesstockbridge.com

                                     Alexander Kaplan (SBN 308257)
                                     Marc R. Greenberg (SBN 123115)
                                     Mollie Fleming Benedict (SBN 187084)
                                     TUCKER ELLIS LLP
                                     515 South Flower Street, 42nd Floor
                                     Los Angeles, CA 90071
                                     Tel: (213) 430-3400
                                     Alexander.kaplan@tuckerellis.com
                                     Marc.greenberg@tuckerellis.com
                                     Mollie.benedict@tuckerellis.com

                                     *Attorneys for Defendant Chronic Disease Fund,
                                     Inc. d/b/a Good Days*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 04/23/2026

_____
HON. PATRICIA DONAHUE
United States Magistrate Judge

19
STIPULATED PROTECTIVE ORDER

## SIGNATURE ATTESTATION

I am the CM/ECF filer whose identification and password are being used to file the foregoing **STIPULATED PROTECTIVE ORDER**.  In compliance with Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 17, 2026            By:   _/s/ Sean A. Commons_____

Sean A. Commons

STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ *MSP Recovery Claims Series LLC v. Amgen Inc. et al*., Case No. 23-CV-03130-MEMF-PD **[**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER